# Rutty's Appeal.

G., in consideration of the transfer to him of about $1300, by his mo-ther, T., gave her a bond (with warrant of attorney) in $2600, conditioned upon his supporting and clothing her, and paying her $25 a year during her life. Judgment was entered on this bond. Afterwards H. and S. suc-cessively obtained judgments against G. Under the judgment of S. real estate of G. was sold by the sheriff. In the distribution of the fund raised by this sale $1394.63.was directed to be "impounded in court for the benefit of T., who had then become a lunatic, to be used by her committee for her support, the balance at her death to go to the person legally entitled thereto." No exception was taken to this award by H. or S. That sum was paid to the committee and the residue of the fund to H. on his judgment. After T. died the committee filed a report, upon which the court awarded the funds in his hands, first, to pay an unpaid bill for T.'s support, and secondly, to H. and S. successively, on their respective judgments. *Held*, that the award to H. and S. was error, and that the residue should be paid to T.'s personal representa-tives.

March 5th 1877. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ. MERCUR, J., did not sit in this case.

Appeal from a decree of the Court of Common Pleas of *Bradford county* : Of January Term 1877, No. 84.

This was an appeal from a decree confirming an auditor's report in the settlement of the account of E. T. Fox, committee of Hester Taylor, a lunatic. The case was this :—

George T. Granger gave to his mother, Hester Taylor, a lunatic, his bond in $2600, with warrant of attorney, as follows :—

"Whereas, the above-named Hester Taylor has this day, and heretofore given, sold and delivered over to the above-bounden George T. Granger, money and obligations, amounting in all to the sum of about $1300. Now, the condition of the above obligation is such that if the above-bounden George T. Granger, shall well and truly and comfortably support, maintain and provide for the said Hester Taylor, and keep her in good and comfortable clothing, and care for her kindly and tenderly, in sickness and in health, furnishing her with all things requisite for her comfort during her natural life, and also to pay to her the sum of $25 per annum so long as the said Hester Taylor shall live, then this obligation shall be null and void, otherwise to be and remain in full force and virtue."

Judgment was entered on this bond on July 2d 1870. On March 25th 1872, William Hoaglin, and on April 17th 1872, David Sherman, obtained judgments against Granger. In April 1873, certain real estate of Granger's, subject to the lien of all of these judgments, was sold under the last judgment for $2490. This amount was paid into court and distributed by an auditor. The auditor directed that $1394.63 (being $1300 which Granger had originally received from his mother with interest, costs and three instalments of the annual payment of $25) should be "impounded

in court for the benefit of Hester Taylor, the plaintiff in one of the
above judgments, to be used by E. T. Fox, her committee, for the
payment of any claims which the said committee might be liable to
pay, and for the support of Hester Taylor during her natural life,
and at her death, any balances remaining to go to the person legally
entitled thereto." The rest of the fund was awarded to other lien
creditors, a part of it to the Hoaglin judgment. This report
was duly confirmed. In September 1873, Mrs. Taylor died. Some
time afterwards the court below appointed an auditor to distribute
the funds in the hands of E. T. Fox, her committee. The auditor
awarded the fund, after the payment of costs, first, to pay Mrs.
Emeline Rutty, a daughter of Mrs. Taylor, for sixty-three weeks
board for her mother, and after that to the Hoaglin and Sherman
judgments, successively. It appeared in evidence that there had
been an arrangement between Granger and Mrs. Rutty by which
they agreed to share equally in the amount of the bond after Mrs.
Taylor's death. Mrs. Rutty, therefore, excepted to the report of the
auditor, in that the auditor should have awarded her one-half the
fund after deducting the costs and the amount already awarded to
her for her mother's board.

The court below (Morrow, P. J.) dismissed her exceptions and
confirmed the report; from which decree Mrs. Rutty appealed,
assigning for error the order dismissing her exceptions.

*D'A. Overton* and *R. A. Mercur*, for the appellant.—The lien
of Mrs. Taylor's judgment was fixed and was not discharged by the
sale, but as it was so treated it is too late to raise the point now.

The award to the committee was equivalent to an award to Mrs.
Taylor, and the fund was no longer *impounded* when it was paid
to the committee. Judgment creditors should have excepted then.
The real estate brought a better price from being sold divested of
liens, and the judgment creditors having elected to have it sold so,
and having received the benefit of the sale, cannot now claim a lien
upon Mrs. Taylor's estate also.

*H. Streeter*, for the appellees—the plaintiffs in the Hoaglin and
Sherman judgments.—All parties agreed to have their liens trans-
ferred to the fund raised by the sale of the real estate, and their rights
as lien creditors therefor, remain unchanged   If Mrs. Taylor had
died before the sheriff's sale, Granger having fulfilled the condition
of the bond, there can be no question but that the judgment on his
bond would have been satisfied. The record gave notice that when
the condition of the bond was satisfied all liability on the obligor
ceased, and no arrangement privately made between Mrs. Rutty and
Granger could affect other lien holders : Mott *v.* Clark, 9 Barr 405 ;
McConnell *v.* Wenrich, 4 Harris 371.

The bond recited that Mrs. Taylor had *sold and delivered* certain

property to the value of $1300 to Granger; the property then became his absolutely, and Mrs. Taylor had no interest but in the bond.

The fund was impounded in court, to go finally to the person legally entitled thereto. Placing the funds in the hands of Mrs. Taylor's committee was not *payment* to him ; that was nothing more than a management of the fund by the court. The charge of the fund was in the court, though administered by a committee: Yarpel *v.* Titus, 5 Wright 203. The fund was placed in Fox's hands to enable him to comply with the condition of the bond, and now that he has done so, the fund, being still *impounded* in court, should go to the remaining lien creditors, those "persons legally entitled thereto."

Mr. Justice Paxson delivered the opinion of the court, May 7th 1877.

This was an appeal from the decree of the court below making distribution of a fund in the hands of E. T. Fox, committee of Hester Taylor, a lunatic. The committee, after the death of the lunatic, filed his account in the Court of Common Pleas, in which he charges himself with the fund as the property of Hester Taylor. The auditor and the court below treated the fund as the property of George T. Granger, and after the payment of the expenses of the audit, and Mrs. Rutty's bill for sixty-three weeks board of the lunatic, awarded the residue to the lien creditors of Granger. This was error. The creditors of Granger have no legal claim upon this money. They were heard when his real estate was sold at a judicial sale and the proceeds thereof brought into court for distribution. The judgment bond of Granger conditioned for the support of Hester Taylor was a lien upon said real estate. This judgment was in the nature of a fixed lien, and ought not to have been divested by the sheriff's sale : Luce *v.* Snively, 4 Watts 397 ; Moore *v.* Shultz, 1 Harris 102. The amount could not well be ascertained in dollars, in which it differs from an annuity bond, the value of which can always be fixed by reference to the Carlisle tables. It appears, however, that the parties, the auditor and the court below, have treated the lien of the Hester Taylor judgment as divested. All of the confusion in the case arises from this fact. It is too late now to remedy this error, and we must decide the case as it is presented. Upon the distribution of the proceeds of Granger's real estate it would appear that the auditor, by some process or course of reasoning which does not very clearly appear, ascertained the value of the condition of the bond given to Hester Taylor, for he set apart to meet it the sum of $1394.63, being a trifle more than one-half the penalty of the bond. This sum the auditor directed should "be impounded in court for the benefit of Hester Taylor, the plaintiff in said judgment, to be used by E. T. Fox, her com-

mittee, as the court shall direct, for the payment of any claims which said committee as such may be liable to pay, and for the support of said Hester Taylor during her natural life, and at her death any balance remaining to go to the person legally entitled thereto." The auditor then gave the remainder of the fund applicable to the Taylor judgment to the next lien creditors of Granger, the appellees in this case. The court below affirmed the auditor's report, but made no order impounding the fund. On the contrary the order was that "the sum of $1394.63, being the amount decreed by said auditor, and applied on No. 589, September T., 1870, Hester Taylor *v.* George T. Granger, be paid over to E. T. Fox, committee of Hester Taylor." This decree was not appealed from and concludes the judgment creditors, who are the present appellees. It was an absolute order that the fund be paid over to the committee of Mrs. Taylor. The payment to the committee was a payment to her. It was clothed with no trust for the creditors of Granger. It was urged that the order of court was but an affirmance of the auditor's report, and a mere transfer of the money to the committee as a matter of convenience, instead of impounding it. This is not clear. If it were so I am at a loss to see how it would change the result. All that the auditor directed to be done is implied in the order of the court. The only legal difference is the substitution of the committee as the custodian of the money. The auditor directed that the money should be applied to the support of Hester Taylor during her life, and after her death the balance remaining was to go to the person legally entitled thereto.

This was all surplusage. He merely directs that the money should be applied as the law, in the absence of any such direction, would apply it. In its legal effect it differs in no respect from the order of the court. Neither the auditor's report nor the decree of the court imply any trust for the creditors of Granger. They had their day in court. When the real estate of Granger was sold, by consent of all parties, the lien of the Hester Taylor judgment divested; they came in and obtained nearly half the proceeds applicable thereto, to apply to their subsequent liens. They could not do this and claim to hold a lien upon the balance of the fund. Having consented to the divesting of the lien of the Taylor judgment and obtained the benefits thereof, they had no right to ask the court below to impress a trust for their benefit upon the fund awarded to the committee. The court below evidently so regarded it. Otherwise the whole fund should have been set apart. Had a trust been intended, it should have been a trust for the whole. Had Mrs. Taylor lived several years the portion set apart for her might and probably would have been entirely inadequate. The whole fund might have been insufficient. As a portion of the fund was awarded to the subsequent lien creditors, and only $1394.63 applied to the Hester Taylor judgment, we regard this sum as the

[Rutty's Appeal.]

ascertained value of the condition of her bond, and that the order of court awarding it to the committee was an absolute decree to Mrs. Taylor of that amount of money, clear and discharged of any trust for the appellees.

As before observed the committee of Mrs. Taylor charges himself in his account filed as such committee with this money. If he has brought money into his account which in point of fact belongs to some other person, or to some other estate, its distribution here might not protect him against a claim therefor by the rightful owner. In this proceeding it would seem to be conclusive as to the ownership of the fund. So long as the accountant interposes no objection of this nature, it is not easy to see how any one else can do so.

We are of opinion that the lien creditors of Granger cannot come in upon this fund. Nor is Mrs. Rutty, the appellant, in any better position. Her claim for boarding the lunatic was properly allowed. Beyond that she cannot claim in this proceeding. We are disposing of the account of a committee, not of an administrator. The entire fund, after the payment of proper claims against it, should have been awarded to the personal representatives of Hester Taylor, deceased, by whom when received it can be distributed according to law. It may be necessary to raise up an administration for that purpose.

> The decree is reversed and set aside, and it is now ordered and decreed that the residue of the fund in the hands of the committee, after the payment of the expenses of the audit, the claim of Mrs. Rutty for board as allowed by the auditor, and the costs of this appeal, be paid to the personal representatives of Hester Taylor, deceased.

Mr. Justice SHARSWOOD dissented.