## Mansley's Estate.

*Lunatics — Care and maintenance — Expenses — Collection by Commonwealth — Constitutional law — Constitution of Pennsylvania, Article III, Section 7.*

1. The Act of June 1, 1915, P. L. 661, authorizing the collection by the Commonwealth of the cost of maintenance of insane, feeble-minded, or other persons in institutions supported in whole or in part by the Commonwealth, applies to the entire State and is not a local law.

2. The act, although it applies only to claims of the Commonwealth, embraces the interests of all the people, and is not a special law.

3. Where a lunatic has been admitted to a State hospital as an indigent insane person, although possessed of an estate sufficient for his support, the Commonwealth may recover the sums which it has expended for the maintenance of such lunatic, from the guardian of his estate.

Argued Feb. 9, 1916. Appeal, No. 410, Jan. T., 1915, by the Commonwealth, from order of C. P. Delaware Co., Sept. T., 1909, No. 27, dismissing petition for a rule to show cause why the guardian of the estate of a weak-minded person should not pay for the maintenance of said weak-minded person at the State hospital for the insane, in Estate of John Mansley, a weak-minded per-

1916.]      Assignment of Error—Opinion of the Court.

son.   Before MESTREZAT, POTTER, FRAZER and WALLING,
JJ. · Reversed.

Petition for rule to show cause why guardian of
weak-minded person's estate should not pay for mainte-
nance of weak-minded person at State hospital.   Before
BROOMALL, J.

The opinion of the Supreme Court states the facts.

The petition was dismissed.   The Commonwealth ap-
pealed.

*Errors assigned* were (1) in dismissing the petition
. and in finding (3) that there was no statutory or (4)
implied liability to the State.

*John Hyatt Naylor,* Special Attorney, with him *Fran-
cis Shunk Brown,* Attorney General, for appellant.

*George M. Booth,* and *John E. McDonough,* for ap-
pellee.

OPINION BY MR. JUSTICE POTTER, May 8, 1916:

The questions here raised are substantially the same
as those which have been considered in the appeal of the
Commonwealth, in Arnold's Est., 253 Pa. 517, in which
an opinion has just been filed.   A fact, which distin-
guishes the present case, is, that at the time when John
Mansley was admitted to the State hospital as an "in-
digent insane person" he was possessed of an estate suffi-
cient for his support.   In Arnold's Estate it was alleged
that the lunatic was indigent when committed to the
hospital, and that he subsequently inherited an estate.   ·
The present procedure is in accordance with the provi-
sions of the Act of June 1, 1915, P. L. 661, authorizing
the collection by the Commonwealth of the cost of main-
tenance of persons in institutions supported in whole or
in part by the Commonwealth.   Counsel for appellee
suggest that this act is unconstitutional as being local
or special legislation.   The act applies to the entire
State, and is not limited to any locality, and it is, there-

fore, certainly not a local law. Nor is there any merit in the suggestion that the act is special legislation because it applies only to claims of the Commonwealth. Such a classification, embracing as it does the entire State, and including the interests of all its people, is about as broad and comprehensive as can be imagined. For the purpose of legislation such as this, designed for the benefit of the Commonwealth, it is entirely proper that it should be regarded as being in a class by itself, and as something distinct from all other subordinate municipal organizations within its borders. The dignity of the Commonwealth requires that such a distinction be made and recognized.

As this case is controlled by the decision in the preceding case, Arnold's Estate, the first, third, and fourth assignments of error are sustained, and the judgment is reversed; and, the correctness of the claim as to amount being admitted, it is ordered and directed that George M. Booth, guardian of John Mansley, shall pay to the Commonwealth of Pennsylvania the sum of $628.11, being the amount due to said Commonwealth, to reimburse it, for moneys paid for the maintenance and support of the said John Mansley, a lunatic.