## In re Theresa J. Spangler.

*Insane persons—Maintenance and support—Trusts—Spendthrift trusts— Cy pres doctrine—Act of June 1, 1915.*

1. The meaning of the doctrine of *cy pres*, as received by the courts, is that when a definite function or duty is to be performed, and it cannot be done in exact conformity with the scheme of the person or persons who have provided for it, it must be performed with as close approximation to the scheme as reasonably practicable.

2. This doctrine is not confined to the administration of charities, but is equally applicable to all devises and contracts wherein the future is provided for.

3. Where a spendthrift trust provides for the payment of the income of the trust to a person who has been duly committed as an indigent insane person to a state hospital since the trust was created, the costs of maintaining the *cestui que trust* at the state hospital are payable out of the income of the trust.

4. The law implies an obligation on the part of a lunatic to reimburse those who have supplied his necessities, and the Commonwealth is, therefore, entitled, under the provisions of the Act of June 1, 1915, P. L. 661, to recover for such lunatic's maintenance in a state hospital.

Petition of the Attorney-General for order of maintenance.  C. P. York Co.

*Robert F. Spangler*, for petitioner.

*Stewart & Gerber*, for trustee of Theresa J. Spangler.

WANNER, P. J., Jan. 1, 1923.—The Attorney-General of Pennsylvania prays the court to order the Security Title and Trust Company, trustee of Theresa. Julia Spangler, who is an insane inmate of the Harrisburg State Hospital, to pay to the Commonwealth the amounts expended by the latter for the maintenance of the said lunatic in said hospital.

Theresa Julia Spangler is an unmarried adult, having no parents living and no property or estate, except the income of a spendthrift trust fund, to which she is entitled under the following provisions of the will of Julia A. Spangler, deceased:

"Third.  All the remainder and residue of my estate I give to The Security Title & Trust Company, of York, Pa., as trustee, to be turned over to them as soon after my decease as practicable.   The income derived from the same to be paid to my brother, Dr. Benjamin Franklin Spangler.

"Upon the death of my brother, Dr. Benjamin Franklin Spangler, I direct that the principal or *corpus* of said trust continue under the trusteeship of the said The Security Title and Trust Company, the income to be paid at. stated periods to Ada Elizabeth Spangler during her life or widowhood, to be used for the maintenance and support of the said Ada Elizabeth Spangler and her daughter, Theresa Julia Spangler.   Upon the death of the said Ada Elizabeth Spangler, the aforesaid trustee shall pay the income as aforesaid to the said Theresa Julia Spangler during her lifetime or spinsterhood.   The income payable to the aforesaid Ada Elizabeth Spangler and Theresa Julia Spangler not to be liable for their present or future debts or liabilities or attachment by their creditors.

"It is my intention that the aforesaid trusteeship shall continue successively for the benefit of the said Benjamin Franklin Spangler, Ada Elizabeth Spangler and Theresa Julia Spangler, and upon the death or marriage, as before stated, of any of the said three, the survivor in the order named shall succeed to the whole income derived from said trust fund, subject to the aforesaid provisions and limitations."

No payments have yet been made by the trustee for the maintenance of the *cestui que trust* out of this fund.

3 D. & C.

In re Theresa J. Spangler.

The Commonwealth bases its right to recover mainly upon section 1 of the Act of June 1, 1915, P. L. 661, which provides as follows: "Section 1. Be it enacted, &c., That whenever any person is maintained as an inmate of any hospital, home, sanatorium or other institution of the Commonwealth, in whole or in part, at the expense of the Commonwealth, the property or estate of such person shall be liable for such maintenance, to be paid or recovered as hereinafter provided."

Theresa Julia Spangler was committed to the Harrisburg State Hospital as an indigent insane person by the President Judge of the Court of Common Pleas of York County under the provisions of the Act of May 8, 1883, P. L. 21. Under such circumstances, said hospital was obliged to receive her, and the Commonwealth has, therefore, not been a voluntary contributor to her support.

It is no doubt true, as contended by the respondent in this case, that the income of a spendthrift trust fund like this cannot be seized by creditors of the *cestui que trust* while it remains in the hands of the trustee. But in this instance the *cestui que trust* has become insane and a public charge since the trust was created, and the trustee cannot now literally comply with the testatrix's direction to pay over the income to the beneficiary herself for her support. It is, nevertheless, in duty bound to carry out as nearly as may be the intent and purpose of the testatrix, viz., to provide out of the income of this fund for the maintenance of Theresa Julia Spangler.

The liability of a lunatic's estate for his support in a State institution, under the Act of 1915, is of a kind with the liability of this trust fund for the support of the *cestui que trust*. If it were a debt of any other kind, the Commonwealth could not enforce it against a spendthrift trust. This trustee makes no objection to the treatment received by the *cestui que trust* where she now is, or to the amount of compensation claimed therefor, and indicates no purpose or desire to provide for her elsewhere.

Trusts are always subjects of equitable jurisdiction, and it is a familiar rule in equity that they shall be administered as nearly as may be according to the main intent and purpose of the grantor, where unforeseen circumstances make literal compliance with his directions impracticable. In City of Philadelphia *v*. Girard's Heirs, 45 Pa. 9-28, the court said: "The meaning of the doctrine of *cy pres*, as received by us, is that when a definite function or duty is to be performed, and it cannot be done in exact conformity with the scheme of the person or persons who have provided it, it must be performed with as close approximation to that scheme as reasonably practicable; and so, of course, it must be enforced. It is the doctrine of approximation, and it is not at all confined to the administration of charities, but is equally applicable to all devises and contracts wherein the future is provided for, and it is an essential element of equity jurisprudence:" Tincher *v*. Arnold, 147 Fed. Repr. 665-675; Kramph's Estate, 228 Pa. 455-463.

We find no difficulty, therefore, in holding that a proper administration of this trust itself requires that the trustee should pay the Commonwealth's bill for the maintenance of the *cestui que trust* at the Harrisburg State Hospital since March 1, 1922, at the rate of $2.50 per week, and that it should also pay her future maintenance while she remains in said institution, if the income of the trust fund shall be sufficient to pay in full both the weekly charge payable by the State and that which is payable by the County of York.

There are also other grounds upon which the authorities seem to sustain the Commonwealth's claim. It has been held in several recent cases that the law implies an obligation on the part of a lunatic to reimburse those who have supplied his necessities, and that the Commonwealth is, therefore, entitled,

In re Theresa J. Spangler.

under the provisions of the Act of June 1, 1915, P. L. 661, to recover for a lunatic's maintenance in a State hospital: Arnold's Estate, 253 Pa. 517; Mansley's Estate, 253 Pa. 522; · In re Frank Hoffmann, 258 Pa. 343.

As these cases fix the statutory liability of the lunatic's estate for the same thing which the testatrix directs shall be provided by the trustee, viz., the maintenance of the *cestui que trust*, the trustee's acceptance of her support by another would seem to be sufficient to raise an implied promise to pay for the same, which would be enforceable by an order of the court under the provisions of the Act of 1915.

We observe that this petition is not signed by the Attorney-General or by any one who, on the face of the papers submitted, is authorized to appear for him in this case, but as no objection is made to this jurisdictional defect in the proceedings, it will be treated as waived by the respondent.

And now, to wit, Jan. 1, 1923, it is hereby ordered and decreed that the Security Title and Trust Company, trustee for Theresa Julia Spangler, shall now pay to the Commonwealth of Pennsylvania the sum of $75.95 in full payment of the amount due it for the maintenance of Theresa Julia Spangler prior to the filing of its petition in this case, and that it hereafter pay to the said Commonwealth the further weekly charge of $2.50 so long as said Theresa Julia Spangler shall remain a public charge in the Harrisburg State Hospital, provided that the net income of the trust property in its hands shall be sufficient to pay in full the amounts respectively payable to said hospital weekly by the Commonwealth of Pennsylvania and the County of York for the support of said Theresa Julia Spangler.

From Allen C. Wiest, York, Pa.