*D. D. Stewart,* for the defendant.

*G. W. Whitney,* for the plaintiff.

---

MARY E. SAWYER *versus* SARAH LUFKIN.

At common law, the estate of an insane person, over twenty-one years of age and under guardianship, is liable for necessary nursing and care furnished in good faith and under justifiable circumstances.

And this liability is not changed by R. S., c. 67, § 22, which prohibits all express contracts by an insane person over twenty-one years of age and under guardianship, but not those implied by law.

ON REPORT.

ASSUMPSIT on an account annexed, for "labor in taking care" of the defendant "144 weeks, to March, 1859, at $1,50 per week," with certain credits.

On the part of the plaintiff, it appeared that the defendant was insane, and entirely incapable of taking care of herself; that her family consisted of herself and two minor sons; that in May, 1856, at the request of one of the sons, who was then about eighteen years of age, the plaintiff went to the defendant's house and nursed and took care of her; that she found her in a very filthy condition as to clothing, &c.; that the defendant was violent at times, and needed much care; that the guardian came to the defendant's house but two or three times during the whole time the plaintiff was there, and exercised no control and furnished

nothing; that the plaintiff continued there during the time mentioned in the writ; and that the defendant's sons were absent most of the time.

Thomas S. Fuller appeared as guardian of the defendant, duly appointed prior to the time the plaintiff's services were rendered; established his guardianship, contested the plaintiff's claim, and offered testimony tending to prove that the guardian contracted with the defendant's sons to take care of and support their mother; that, in consideration thereof, they were to be paid out of her property; and that the items of credit were received from the sons. If the action was maintainable, the action was to stand for trial.

*Knowles*, for the plaintiff.

*C. J. Abbott*, for the defendant.

There is no conflict between §§ 7 and 22, c. 67 of R. S.; the former includes those under as well as those over twenty-one years of age.

They have different objects; the former renders void all contracts and transfers of property made during the pendency of an application for the appointment of a guardian, the other declares all contracts and transfers of property, made by persons over twenty-one years of age and under guardianship, to be unqualifiedly and absolutely void, notwithstanding the death, resignation or removal of the guardian.

APPLETON, C. J. — This is an action for necessaries furnished the defendant, an insane person, over twenty-one years of age and under guardianship. The guardian appears and contests the plaintiff's claim.

If necessaries are furnished a person in this condition, in good faith and under circumstances justifying their being so furnished, the person furnishing may recover. If the law were not so, the insane might perish, if a guardian, having means, should neglect or refuse to furnish the supplies needed for their support. They stand in the same position

as minors and are liable for necessaries. *Seaver* v. *Phelps,* 11 Pick., 304; *Leach* v. *Marsh,* 47 Maine, 548. Such is the rule of the common law.

Nor is this limited liability changed by R. S., 1857, c. 67, § 22, which provides that " when a person over twenty years of age is under gurdianship, he shall be deemed incapable of disposing of his property otherwise than by his last will, or of making any contract, notwithstanding the death, resignation or removal of the guardian," &c. This prohibits all express contracts by the insane. They cannot be liable on any express promise. But their estate may be held when the law implies one. The insane must not be allowed to starve, though the guardian is dead, has resigned or been removed. The estate of the insane is legally, as well as equitably liable for necessaries furnished in good faith, and under circumstances justifying their being so furnished. *McCrillis* v. *Bartlett,* 8 N. H., 569; 1 Parsons on Con., 313, *et seq.*                    *The case to stand for trial.*

KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.