## Lewis *versus* The County of Chester.

60　325
158　438

1. A testator domiciled in New York bequeathed personal property to his two children and the survivor, if both should die before attaining age, the property to go "in trust to found" a professorship, &c. He appointed his wife executrix. On settlement of her account the surrogate of New York decreed that she should keep the balance invested and "retain the same *on trust*" to be applied to the trusts in the will. The executrix, with her children, changed her domicil to Chester county, Pennsylvania. She invested the fund in United States, Pennsylvania and Philadelphia bonds, and in mortgages in Pennsylvania, Delaware and Maryland. *Held*, that she was liable for tax in Pennsylvania, only on the amount invested in mortgages in Pennsylvania.

2. To tax her here, it must be shown that she is amenable as trustee for something she holds which the laws of Pennsylvania can reach in her hands.

3. The jurisdiction of the administration and the control and distribution of the trust estate is in New York.

4. The mortgage contract was personal, and gives her a personal right to demand payment which must be enforced in her own name under the laws and in the tribunals of Pennsylvania.

5. The contract characterized her as trustee in fact by her own act, and draws to it the protection of the laws of Pennsylvania, and to this extent she is liable to taxation as the price she must pay for the privilege.

6. The fact that she is personally here does not make her a trustee here or amenable to this jurisdiction for property not brought here and subjected by her act to the operation of the laws of Pennsylvania.

January 18th 1869. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., absent. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Chester county:* of January Term 1869, No. 36.

This was an amicable action and case stated, in which the County of Chester was plaintiff, and Sarah J. Lewis, trustee of the estate of Elbert P. Jones, under his last will and testament, defendant, filed in the Common Pleas of Chester county, of January Term, 1868. "Debt."

The facts in the case were as follows:—

"Dr. Elbert P. Jones, formerly of San Francisco, California, and afterwards of the city of New York, died on the 1st of April 1852, leaving two children, Charles Frederick Jones and Elberta P. Jones, and a widow, the above-named Sarah J. Lewis. He also left a will of which he appointed the said Sarah executrix. This will is dated October 23d 1851, and was proved before the surrogate of the city and county of New York, on the 11th day of June 1852.

"Charles was born November 25th 1849, and Elberta, March 6th 1852, several months subsequently to the making of the will.

"Letters testamentary were granted to the said Sarah, June 11th 1852, and on the 8th day of February 1855 she settled her final account of her administration of said estate in the office of

[Lewis *v.* The County of Chester.]

the said surrogate, and the same, after reference to an auditor and citation to parties interested, was duly allowed and confirmed by the surrogate's court, and the following order and decree was thereupon made:—

"'The account of Sarah Jones, executrix of the last will and testament of Elbert P. Jones, deceased, having been finally settled and allowed, by which it appears that she has received of the assets of said estate the sum of * * * *, over and above the amount paid out for debts, necessary expenses, commissions, general legacies and annuities, it is ordered:

"'That said executrix keep said balance invested, and that she retain the same *on trust* to apply the income thereof, pursuant to the trusts and limitations of the said last will and testament, until the further order of this court; and it is ordered that the said executrix be hereafter entitled to expend the sum of $1500 annually out of the income of said estate, for the support and maintenance of each of the said infants.'

"The testator by his will gives:—

1. To his widow $10,000, and one-fourth part of the interest of his personal estate for her use during her life.

2. To his son Charles F. Jones all the rest and residue of his personal estate.

3. If his wife should give birth after the date of the will to another child by the testator, he gives that child one-half of so much of his estate as is before given to the said Charles.

4. If either said children should die without having a child or children, he gives the whole of said residue to the surviving child.

5. If both of said children shall die before arriving at the age of twenty-one years without leaving a child or children, the testator bequeaths "the whole of my personal property to Yale College, in the state of Connecticut, in trust to found, establish and maintain a class and professorship to bear the name of the founder, Elbert P. Jones, which said bequest to said college, however, shall not take effect until the death of my said wife Sarah: Provided, however, that the said Yale College shall never have the right to use or expend any of my estate except the interest thereof," which shall be devoted to the legitimate purposes of said professorship.

6. If the said Yale College should fail for one year after the death of the said children and wife as aforesaid to comply with the said conditions, then he gives the said residue to the oldest college in the state of New York that shall comply with said conditions.

"The said children have lived with their mother since the decease of the said testator, and for the last seven years in the borough of West Chester, Pennsylvania. They have no permanent guardian of their persons or estates. A guardian *ad litem*

[Lewis v. The County of Chester.]

has been appointed by the said surrogate to attend to their interests as often as accounts of the said defendant of the funds in her hands have been presented.

"The said Sarah was married to her present husband on the 24th day of January 1866.

"Besides United States bonds, Pennsylvania state stock, Philadelphia city bonds, the defendant has invested of the funds of said estate on bond and mortgage $32,300, as shown by her statement to the assessor of the borough of West Chester, made at his request. To this statement she appended a declaration in writing, showing that the said investment was of moneys belonging to the estate of said decedent, whose residence at the time of his death was in the city of New York; that she was acting as trustee of said estate, and was obliged to account for the management of the same to the surrogate court of said city and county; also that part of the moneys so invested was loaned on mortgages of real estate in the states of Delaware and Maryland, and she protested against being assessed for a tax on any part of said moneys.

"The amount loaned to residents in Delaware and Maryland, and secured by mortgages on lands in those states, is $17,500.

"The remainder of the $32,300 is invested on mortgages in Pennsylvania, and all but $3000 in mortgages of land in Chester county.

"The said assessor has assessed the said trustee at the rate of seven mills to the dollar for county purposes, and at the rate of three mills to the dollar for state purposes, on the whole of said sum of $32,300.

"Mrs. Lewis is ready to pay one-fourth of the amount of said assessment, being that for which she considered herself individually liable.

"The question for the opinion of the court is, whether the said trustee is liable for the remaining three-fourths parts of the said assessments, or any part thereof.

"If the court shall be of opinion that she is so liable, then judgment to be entered for the plaintiff, with costs—the sum to be ascertained by the attorneys.

"If she is not, in the opinion of the court, liable for either or any part of said assessments, then judgment to be entered for the defendant, with costs."

The court below (Butler, P. J.) held that the defendant was liable for the whole amount assessed and entered judgment for the plaintiff for $237.25; which, upon writ of error by the defendant, was assigned for error.

*J. J. Lewis*, for plaintiff in error.—Personal property has a situs determinable by the residence of the owner: School Directors *v.* James, 2 W. & S. 571. Mrs. Lewis as a private person and

[Lewis *v.* The County of Chester.]

as trustee is to be treated as distinct persons: Aspden *v.* Nixon, 4 Howard 467; Mothland *v.* Wireman, 3 Penna. R. 185; Brodie *v.* Bickley, 2 Rawle 431; Boston *v.* Boylston, 2 Mass. R. 384. The testator's whole personal estate was in New York at his death; the law of that state is the law of distribution: N. Y. Revised Stat. 571, part 2, tit. 3; Ex'rs and Adm'rs. Wilson *v.* Smith, 26 Barb. 336; Seaman *v.* Duryea, 10 Id. 529; Orcut *v.* Orms, 7 Paige 465; Fay *v.* Haven, 3 Metc. 109; Goodwin *v.* Jones, 3 Mass. 514; Story on Confl. of Laws, § 514, 516. Until the surrogate of New York has decided as to distribution, the fund retains its original situs: Kean *v.* Rice, 12 S. & R. 203; Hood's Estate, 9 Harris 106.

*J. S. Futhey*, for defendant in error.—The domicil of the children was with their surviving parent: Story's Confl. of Laws, § 46, n. 2; 2 Pars. on Cont. 581, and cases cited. They are the owners of the property, as their bequest was vested: 2 Williams on Ex'rs, 1, 131; 1 Roper on Leg. 601. The property is to be taxed where the trustee resides, although the trust is elsewhere: Carlisle *v.* Marshall, 12 Casey 397; Act of April 22d 1846, § 1, Pamph. L. 486, Purd. 951, pl. 125; West Chester *v.* Darlington, 2 Wright 157; School Directors *v.* James, *supra;* Spangler *v.* York County, 1 Harris 322.

The opinion of the court was delivered, May 11th 1869, by

AGNEW, J.—The parties to this case are the county of Chester and Mrs. Sarah J. Lewis as trustee; and the question is upon the power of the county to impose taxes upon the *trust* property in *her* hands. We must not confound it with the power to tax Charles and Elberta Jones, the *cestuis que trust, personally* for any property they own. To reach *her*, it must be shown that she is amenable as *trustee* for something she holds that our law can reach in her hands. If Charles and Elberta are liable themselves for taxable property, which we do not decide, we cannot add that to her liability. These facts are certain. Dr. Jones, the owner of the estate, was domiciled at his death in New York, his property in fact as well as in law, was situated there, his will was proved there, and letters testamentary granted there to Mrs. Lewis, the executrix. As executrix and trustee under the will, she derived all her power from the will and the laws of New York, and none whatever from Pennsylvania. She settled her account in New York, was there decreed to invest the balance, and retain it in trust, and distribution yet remains to be decreed upon the further order of the surrogate. It seems to be clear, then, as argued by the plaintiff in error, and on the authorities cited, that the administration and the control and distribution of the trust estate, belongs wholly to the law and to the authorities of New

[Lewis *v.* The County of Chester.]

York.. There is no doubt, therefore, of the power of New York, if she chose so to provide, to tax the whole estate there, in the hands of the trustee, as Pennsylvania taxes collateral inheritances in the hands of administrators, shares of stock in the hands of a corporation, or investments in the hands of trustees under our laws. As *trustee* by virtue of her office of executrix, Mrs. Lewis is unknown to our law; while Pennsylvania has neither the wish nor the power to interfere with anything within the exclusive jurisdiction of New York. But does it follow, as argued for the plaintiff in error, that there is no power in Pennsylvania to tax property found in the possession of Mrs. Lewis here, and held under the protection of our laws? We think not. Let us suppose that the personalty of Dr. Jones, instead of money and securities, consisted of horses and cattle, and that Mrs. Lewis had brought them with her when she moved into Pennsylvania, and kept them here, would it be seriously contended they could escape taxation here? I think not. But she has done the same thing in effect in regard to a portion of the money of the estate. She brought it here and invested it in mortgages of real estate. How did she accomplish this? She took a bond and mortgage for the money in her own name. Whether she described herself as executrix or trustee, or not, is immaterial, as the contract is personal and confers on her a personal right to demand payment, which must be enforced by an action in her own name under our laws and in our tribunals. She cannot compel payment, or claim the benefit of a lien as her security except by force of our laws, and the aid of our courts of justice. As to the moneys invested here, and the value of these securities, she clearly holds her investments, not by the law of New York, but by a personal contract protected solely by our law. It is this contract which characterizes her as a trustee in *fact* by her own act, and draws to it the protection of our law; and to this extent she is liable to taxation as the price she must pay for the privilege. If, as the Act of 1846 does, our law taxes this investment in her hands, she cannot take refuge under the beneficial ownership of Charles and Elberta Jones, the *cestuis que trust.* She has the estate here, and has subjected it by the bond and mortgage to the operation of the Act of 1846. The same rule must apply to her in Delaware and Maryland, if they likewise tax the property taken there. What she took there and subjected in like manner to their laws is likewise taxable there. She has made herself a trustee in fact to its extent, and looks to those states for its protection. They have the same right as Pennsylvania to tax what she has brought within their borders and invested there. But as to the other property or money never brought into and not in fact held and invested under our laws, its *situs* remains in New York. The fact that she is personally here does not make her a trustee here,

[Lewis *v*. The County of Chester.]

or amenable to our jurisdiction for property not brought here and subjected by her act to the operation of our laws. Not being a trustee under our law or amenable for property not accompanying her person, clearly there is no power to tax her for what she holds in New York, as a trustee, under the law of New York, and amenable only to the authority of that state. The Act of 1846 does not extend to such a case, but must be confined to the property she has here, and has subjected to our law, by investing it here. All of the cases cited in support of the view of the learned court below, were those where the trustee was appointed or exercised his authority under our law: West Chester *v*. Darlington, 2 Wright 157; Bor. Carlisle *v*. Marshall, 12 Casey 397; Spangler *v*. York County, 1 Harris 322; School Directors *v*. James, 2 W. & S. 568. In those cases Pennsylvania stood to the trustees as New York does to Mrs. Lewis in this, and therefore lawfully imposed the tax. Mrs. Lewis is liable for the taxes on the sum of $14,800, invested by her in mortgages in this state.

The judgment of the court below is, therefore, modified according to these views, and judgment is here entered for the county of Chester with costs, the sum due to be ascertained by the attorneys as provided for in the stated case.