## In re Frank Hoffmann, a Weak-minded Person.

*Lunatics—Maintenance—Reimbursement from lunatic's estate —Claim of Commonwealth—Claim of poor district—Acts of June 13, 1836, P. L. 539; May 24, 1887, P. L. 202, and June 1, 1915, P. L. 661.*

1. The amount paid by the Commonwealth for the support and maintenance of a lunatic is not a mere gratuity, but is based on an implied contract on the part of the lunatic to reimburse those who have supplied his necessities.

2. The Commonwealth's claim for support of a lunatic in a State institution may properly be asserted in proceedings before an auditor appointed to distribute the lunatic's estate.

3. Where the cost of maintaining a lunatic in a State institution has been paid partly by the State and partly by the county poor district, and the poor district has been reimbursed in full by the lunatic's guardian for the expenditures so made by it, the funds remaining in the hands of the guardian, where they are less than the amount paid by the State for the lunatic's support, should be awarded to the Commonwealth, under Act of June 1, 1915, P. L. 661, and it is error for the lower court to award such sum to the poor district, under the Acts of June 13, 1836, P. L. 539, Sec. 33, and May 24, 1887, P. L. 202.

Argued April 23, 1917. Appeal, No. 349, Jan. T., 1916, by Commonwealth of Pennsylvania, from judgment of C. P. Erie Co., May T., 1906, No. 74, dismissing exceptions to auditor's report In re Frank Hoffmann, a Weak-minded Person. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Exceptions to auditor's report.

The facts appear by the opinion of the Supreme Court.

The lower court awarded the balance in the hands of

the guardian to the poor district of Erie County. The Commonwealth appealed.

*Errors assigned,* among others, were the order of the court and in dismissing exceptions to the report of the auditor.

*John Hyatt Naylor,* Special Attorney for the Commonwealth, with him *Francis Shunk Brown,* Attorney General.

There was no paper book or argument for appellee.

OPINION BY MR. JUSTICE FRAZER, May 22, 1917:

The Commonwealth appeals from a decree of the Common Pleas, dismissing exceptions to the report of an auditor refusing to allow its claim against the fund in the hands of the guardian of a weak-minded person.

Upon petition to the Court of Common Pleas of Erie County, Frank Hoffmann was adjudged a weak-minded person, and C. D. Higby, Esq., appointed guardian, and, on April 30, 1906, Hoffman was entered on the books of the poor district of Erie County as a pauper, and committed to the State hospital for the insane at Warren, as an indigent patient, and has since that time been continuously confined in that institution. During the period covered by his confinement in the hospital, the poor district of Erie County paid to the asylum toward his support the sum of $1.75 per week, and the Commonwealth paid a total sum of $1,092.07. The poor district was reimbursed from time to time out of funds coming into the hands of the guardian, so that, at the time of the audit, there was a balance of only $37.25 due the district, which sum the attorney for the Commonwealth agreed should be first paid out of the fund. In 1914 the guardian filed his first and final account showing a balance of $861.88 in his hands for distribution. An auditor appointed to pass on claims and make distribution of the

fund, rejected the Commonwealth's claim, and the court, after dismissing exceptions, made absolute a rule on the guardian to show cause why he should not turn over the balance in his hands to the poor district of Erie County, under the provisions of the Acts of June 13, 1836, P. L. 539, Section 33, and May 24, 1887, P. L. 202, Section 1, authorizing the poor directors of any district, upon which a pauper has become a charge, to sue for and recover property of such pauper, and take charge of the same and apply it to his maintenance, and upon his death pay over the unexpended balance to his legal representatives.

The Act of June 1, 1915, P. L. 661, legislation of a considerably later date than the acts above referred to, authorizes the collection by the Commonwealth of the cost of maintenance of persons in institutions supported in whole or part by the State, and empowers the Court of Common Pleas of the county of the residence of any inmate of a State asylum, upon application of the attorney general, to make an order for the payment of maintenance against the trustee or guardian in charge of the estate, or against any person responsible for the support of such inmate. Section six gives the claims of the Commonwealth precedence over general creditors in the distribution of the estate of the person so maintained. Section seven provides that, where there are claims both on behalf of the Commonwealth and a county or poor district, and the funds are insufficient to pay in full, such claims shall be paid pro rata. The act also specifically applies to the collection of claims due at the time of its passage, as well as those to become due thereafter. Under this latter provision, we held in Arnold's Est., 253 Pa. 517, the amount paid by the State for the support and maintenance of a lunatic was not a mere gratuity, but based on an implied contract on the part of the inmate to reimburse those who have supplied his necessities, and that the implied obligation arose in favor of the Commonwealth, it having paid the cost of maintenance, and not

in favor of the hospital whose claim had been fully paid, and there said (p. 521) : "If an individual should pay the hospital for the maintenance of a patient, such individual would undoubtedly be entitled to reimbursement from the lunatic's estate. In like manner and for the same reason, in the present case, the State is entitled to reimbursement. As we said above, the hospital has been paid, and can have no claim against the lunatic or his estate. If there is an implied contract to repay the sums expended for the lunatic's benefit it is a contract with the State, not with the hospital, which had expended nothing except what it had received from the county and State for that purpose."

The court below, beyond question, had jurisdiction under this legislation to make the award, and the proper time and place to present the Commonwealth's claim was in the proceedings to distribute the estate of the indigent person. It was error, however, to award the entire fund to the poor district, whose claim had been paid in full. The provisions of section six, above referred to, expressly contemplates the presenting of the Commonwealth's claim in proceedings to distribute the estate of the person maintained, and by section seven the claim of the poor district was placed on an equality with that of the Commonwealth. In fact, the poor district in this case has no cause to complain, as payment in full has been made of its claim by consent of the Commonwealth, whereas, under section seven, it is entitled to share only pro rata in the fund.

The decree of the lower court is reversed and the balance of the fund in the hands of the guardian, being less than the amount due the Commonwealth, is awarded to the Commonwealth to reimburse it for money paid for maintenance and support of Frank Hoffmann.