## Cronin's Case.

344

Argued April 19, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Edmund R. Finegan,* with him *Raymond M. Remick,* of *Saul, Ewing, Remick & Saul,* for appellant.

*James F. McMullan,* with him *Charles J. Margiotti,* Attorney General, *John Y. Scott,* Deputy Attorney General, and *John Franklin Shields,* for appellee.

OPINION BY MR. JUSTICE LINN, May 17, 1937:

This appeal is by a testamentary trustee from an order requiring the payment of part of certain trust property to the Commonwealth for maintaining the beneficiary. The trust was created by Fannie E. Emmons who died January 2, 1934, domiciled in New York, where her will dated February 17, 1931, was probated November 2, 1934. The beneficiary is the decedent's niece, Venice Margaret Cronin, who, since May 1, 1924, has been an inmate in a hospital in Philadelphia, Pennsylvania, maintained in part at the expense of the Commonwealth. At the adjudication of the account of the executrix, letters of trusteeship were granted to the appellant trustee by the Surrogate of Broome County, New York. The trust property was awarded pursuant to the following provision of the will:

"SECOND. I give and bequeath to the Pennsylvania Company for Insurances on Lives and Granting Annuities of Philadelphia, Pennsylvania, the sum of Four Thousand ($4,000.00) Dollars to be held in trust by it, for the benefit of my niece, Venice Margaret Cronin, for her life time, now residing at Byberry, Philadelphia, Pennsylvania, to be held, managed, invested and reinvested as the company may think proper, and the income and principal to be used by it for the benefit of my said niece, according to the Company's discretion.

"THIRD. I give and bequeath One Thousand Dollars ($1,000.) to Mrs. Sarah Craig Cronin to be used for placing her in a Home for Aged Women. If this sum is not desired by Mrs. Sarah Craig Cronin, mother of Venice, for this purpose, I give and bequeath the sum to be added to the Trust fund for my niece Venice Margaret Cronin, which is in the hands of the Pennsylvania Company for Insurances on Lives and Granting An-

nuities. Upon the death of my niece, Venice Margaret Cronin, if there is any of the trust fund remaining, I give and bequeath it to my niece Miss Helen Diggs, of Richmond, Virginia. If, however, Helen Diggs is not living at that time, then to Ann Diggs Peple."[1]

The trustee received the property February 19, 1935. Thereafter the Commonwealth of Pennsylvania made demand on the trustee for payment of its maintenance charge from January 2, 1934, to November 21, 1936, at the rate of two dollars per week, a total of $301.43. The trustee communicated the demand to the remainderman and was warned not to make payment. The trustee then filed a trustee's account in the Surrogate's office in

---

[1] The following undated letter was sent by the testatrix to the trustee. It was not probated as part of her will. We attach no importance to it as bearing on the decision of this appeal.

"Gentlemen:

"In my will I have left a trust fund to you for the benefit of my niece, Venice Cronin, who is in an institution for the feeble-minded in Philadelphia. My desire is that the income and principal, if necessary, shall be used to add to the care and comforts she already is receiving from this institution.

"If I were able, I would gladly place her in a private institution and pay all of her expenses, but as I am not financially able to do this, I wish her to receive such comforts and pleasures as may go to make her happy in her unfortunate situation. I purposely left these details out of my will, as I was assured by Mr. G. A. Peple, Vice President, American Bank & Trust Company of Richmond, Virginia, that your institution was properly equipped to carry out my wishes and would do so to the letter if they were fully explained to you.

"After the death of my niece I have provided that the trust funds then in your hands, if any, will be disposed of according to the terms set forth, and I feel that your Company will have a copy of the document and act accordingly.

"Thanking you, I am,

"Very truly yours,

"FANNIE E. EMMONS."

Broome County, New York, "together with the usual form of petition setting forth the facts incident thereto." A citation issued, directed, inter alia, "to the Commonwealth of Pennsylvania, to appear before the Surrogate of the County of Broome at the Surrogate's Office in the City of Binghamton, County of Broome, State of New York, on the seventh day of January, 1937, at 10 o'clock in the forenoon of that day, to show cause why the said account should not be settled and allowed and why a hearing should not be had upon the said rejected claim of the said Commonwealth." Thereafter, as the record states, "the said Commonwealth of Pennsylvania appeared specially before the Surrogate in the Surrogate's Court of Broome County, New York, on Thursday, January 7, 1937, claiming lack of jurisdiction in that court over the subject matter of this proceeding and that the said objection was formally overruled by the said Surrogate. 2. Argument was had on the matter thus pending before the said Surrogate on Thursday, January 14th, and the proceeding continued by the said Surrogate for one week for the purpose of taking testimony."

Meanwhile, after the trustee filed its account, but before the day fixed for hearing in the New York court, the Commonwealth, on December 3, 1936, filed its petition in the court below pursuant to our Act of June 1, 1915, P. L. 661, 71 PS section 1784 as amended, setting forth the facts and praying for a rule on the trustee to show cause "why it should not pay to the Commonwealth of Pennsylvania the stated sum of Three Hundred One and Forty-Three One-Hundredths Dollars ($301.43), for maintenance as aforementioned, and to further show cause why your Honorable Court should not make a continuing order for such payments to the Commonwealth as may accrue in the future." The rule was granted; the trustee answered, and, after hearing, the rule was made absolute by the order now appealed

348

from.[2] The court below has jurisdiction of the trustee, who appeared and answered,[3] and of the subject-matter —enforcement of the implied obligation to pay for necessaries furnished: *Walters' Case,* 278 Pa. 421, 123 A. 408; *Smith's Case,* 298 Pa. 358, 148 A. 479.

The estate of the testatrix was distributed by administration according to the law of New York. That ad-

---

[2] "AND Now, to wit: February 4, 1937, the petition of the Commonwealth of Pennsylvania for a rule upon The Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee for Venice Margaret Cronin under the will of Fannie E. Cronin Emmons, to show cause why said Trustee should not pay to the Commonwealth of Pennsylvania the sum of Three Hundred One and forty-three one-hundredths Dollars ($301.43) for the maintenance and support of Venice Margaret Cronin at the Philadelphia Hospital for Mental Diseases, Byberry, Pennsylvania, from January 2, 1934 to November 21, 1936, and further to show cause why this Court should not make a continuing order for such payments to the Commonwealth of Pennsylvania as may become due in the future, having been presented and filed; an Answer having been filed by The Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee as aforesaid, the Court having considered said Petition and Answer and argument having been had on the same, it is ORDERED, ADJUDGED and DECREED that the said rule having been made absolute, the Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee for Venice Margaret Cronin under the will of Fannie E. Cronin Emmons, pay to the Commonwealth of Pennsylvania the sum of Three Hundred One and forty-three one-hundredths Dollars ($301.43) for the maintenance and support of Venice Margaret Cronin at the Philadelphia Hospital for Mental Diseases, Byberry, Pennsylvania, from January 2, 1934, to November 21, 1936, and that The Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee as aforesaid, pay to the Commonwealth of Pennsylvania the sum of $2.00 per week commencing as of November 21, 1936, and continuing so long as the said Venice Margaret Cronin shall remain as a patient in the Philadelphia Hospital for Mental Diseases at Byberry, Pennsylvania, as an indigent, insane patient."

[3] Compare *Braman v. Braman,* 236 App. Div. 164, 258 N. Y. S. 181; *Farmers Loan & Tr. Co. v. Ferris,* 67 App. Div. 1, 73 N. Y. S. 475; *Lewis v. Chester Co.,* 60 Pa. 325.

ministration included the award of trust property to the appellant trustee, a Pennsylvania corporation, to be expended for the benefit of the feeble-minded niece then in the Byberry Hospital maintained in part by the Commonwealth. The award was, however, not absolute; it was conditioned, as required by the New York Law,[4] by the decree of the Surrogate's Court on the entry of a bond that the trustee "shall faithfully discharge the trust reposed in it as Trustee under the last Will and Testament of Fannie E. Emmons, late of the Town of Conklin in the County of Broome, N. Y., deceased, and also obey all lawful decrees and orders of the Surrogate's Court of the County of Broome touching the administration of the estate committed to it, . . ." In addition, the trustee also executed, as required, a certificate appointing the Superintendent of Banks of the State of New York its attorney to receive service of process against the trustee in any proceeding "affecting or relating to the Estate represented or held by it as such Trustee, or the acts or defaults of such corporation in reference to such Estate" etc. We think, therefore, that the New York court retained jurisdiction over the continued administration of the trust.[5] Against this view, it is contended by the Commonwealth (and it was so held by the learned court below) that the case is within section 298 of the Restatement, Conflict of Laws, that "A testamentary trust of movables is administered by the trustee according to the law of the state of the testator's domicil at the time of his death unless the will shows an intention that the trust should be administered in another state," as affected by comment (c) which

---

[4] Surrogate's Court Act (Gilbert-Bliss, 1936 supp.) Section 97, as amended by L. 1935, Ch. 382; section 167; section 171 as amended by L. 1930, Ch. 174, and by L. 1934, Ch. 172.

[5] See *Lozier v. Lozier*, 99 Ohio St. 254, 124 N. E. 167, holding foreign trustee accountable in the Probate Court of Ohio, the state of testator's domicil; also see 19 Col. L. Rev. 486.

states that "If the testator appoints as trustee a trust company of another state, presumptively his intention is that the trust should be administered in the latter state; the trust will, therefore, be administered according to the law of the latter state."[6] The facts here rebut the presumption of intention suggested in the comment. The words used in the will to express her intention must be taken in the light of the statutory requirement that the trustee account to the New York court for its administration of the trust, the testatrix not having provided otherwise. In such circumstances it is immaterial that the trust property was brought into this Commonwealth, because it remained subject to distribution by the New York court. That court retained control of the trustee and of the administration of the trust; the trustee must there account for the remainder of the trust property not consumed.

At common law the incompetent's estate was liable for necessaries supplied, on the ground, as was said, that the law implied an obligation on the part of such person to pay for necessaries out of his property: *Manby v. Scott*, 1 Sid. 109, 112, 82 Eng. Reprint 1000, 1002; *Rhodes v. Rhodes*, 44 Ch. Div. 94, 107; *Sawyer v. Lufkin*, 56 Me. 308; *Sceva v. True*, 53 N. H. 627; *Richardson v. Strong*, 13 Ired. 106 (N. Car.) ; *In re Frank Hoffmann*, 258 Pa. 343, 101 A. 1052; *Smith's Case*, 298 Pa. 358, 362, 148 A. 479.

That obligation is recognized by the law of New York. Not only has the New York legislature provided procedure by which that state may reimburse itself for money laid out in maintaining such person (N. Y. Mental Hygiene Law, McKinney, 1936 supp. sec. 24-A) but it has been held that such reimbursement will be ordered out of the trust property in the hands of a trustee with discretion to expend it for the benefit of the lunatic: *In re*

---

[6] See W. W. Swabenland; Laws Governing Trusts of Personalty, 45 Yale L. Jour. 438.

*Schwartz,* 145 App. Div. 285, 130 N. Y. S. 74.[7] In that case the trust was that "principal and interest shall be used for his maintenance and support until the entire principal and interest shall be exhausted." The law of New York will be given effect: *Freeman's Appeal,* 68 Pa. 151; *Broderick v. Stephano,* 314 Pa. 408, 171 A. 582; *De Renne's Estate,* 12 W. N. C. 94 (PENROSE, J.). See also *Walters' Case,*[8] 278 Pa. 421, 123 A. 408; *Hohenshieldt's Estate,* 105 Pa. Superior Ct. 18, 159 A. 71. If the legacy had been given to the beneficiary, instead of to the trustee for her benefit, the property would have become directly subject to the court's order: see *Boles's Estate,* 316 Pa. 179, 173 A. 664.

While we have no doubt that the court below had jurisdiction over the trustee and of the subject-matter, and that the property, under the terms of the trust, is liable for the maintenance charges in suit, we think that principles of comity required that the learned court below should have taken a different view, from that taken, of the fact that a proceeding was pending in New York: compare *Schuster v. Superior Court,* 98 Cal. App. 619, 277 P. 509; *Marsh v. Marsh's Exrs.,* 73 N. J. E. 99, 67 A. 706; *U. S. v. Bank of New York & Tr. Co.,* 296 U. S. 463. The record shows that on November 24, a few days after refusing the Commonwealth's demand, the

---

[7] The beneficiary was a brother, "being confined in the River Crest Sanitarium, suffering from insanity."

[8] In this case the court said: "It will be noted that the intent of the testatrix was to make proper provision for the care of the lunatic, and prevent the use of the estate for other purposes. With this in mind, the application of the income, and, if necessary, all or part of the principal, is placed in the control of the brother named, yet 'his discretion is but a legal one, and whenever the law determines that a proper case has arisen in which the trustee's discretion should have been exercised in a particular way, he will be constrained to act in accordance therewith': *Erisman v. Directors of the Poor,* 47 Pa. 509, 514; *Stewart v. Madden,* 153 Pa. 445, 25 A. 803; *Barrett's Estate,* 53 Pa. Superior Ct. 103."

trustee filed its account in the New York court; a citation was served on December 9, giving notice that the matter would come on for hearing January 7, 1937; the result was that the case was set down for the taking of testimony a week later. We are not advised of the further progress of that case. In the interim, on December 3, 1936, the Commonwealth brought this suit. We shall deal with that phase of the record in the order to be made. In another aspect the order made below needs modification. In addition to holding that the trust property was chargeable with the sum of $301.43 the order requires the payment of $2.00 a week to the Commonwealth so long as Venice Margaret Cronin remains a patient in the hospital; as the property may conceivably become subject to the payment of other demands the order should provide for payment only so long as the available trust property lasts.

We affirm so much of the judgment as adjudges $301.43 to be due to the Commonwealth, and also the order to pay $2.00 a week beginning November 21, 1936, but the order requiring weekly payments shall be effective only so long as the trust property is sufficient to comply with such weekly orders after making allowance for the costs of administration and other claims and expenses lawfully chargeable against said property; the court below will stay execution on this judgment until such time as the proceeding pending in Surrogate's Court in Broome County, New York, is completed by final judgment, with leave, however, to offer this judgment in evidence in the pending proceeding in the New York court, as adjudicating the amount due. On the termination of that proceeding either party to this suit may apply to the court below for such change in the order staying execution as the facts then existing may require.