## Schoble's Petition

460

Before Stearne, acting P. J., Sinkler, Klein, Bolger, and Ladner, JJ.

*Lloyd J. Schumacker*, for petitioner.

*Thomas S. Lanard*, contra.

LADNER, J., February 13, 1942.—Petitioner, Helen Bisbee Schoble, for herself and as next friend of her minor children, beneficiaries under a deed of trust inter vivos, filed a petition, in which the trustee, a foreign corporation, joined, upon which a citation was awarded directed to Ralph T. Schoble to show cause why the trustee (resigned) "should not be discharged, conditioned upon absolute confirmation of its account in due course and delivery of the assets of the estate in accordance with the adjudication thereof"; and "why the Land Title Bank & Trust Company should not be appointed substituted trustee."

Ralph P. Schoble who was *personally served* in Philadelphia, appeared de bene esse and filed an answer entitled "Answer Raising Questions of Jurisdiction." In Heinz's Estate, 313 Pa. 6, it was ruled that the Act of March 5, 1925, P. L. 23, permitting the questions of jurisdiction to be raised in limine, does not apply to this court. Objections to jurisdiction in this court are sometimes raised by preliminary objections, sometimes by answers, and in some orphans' courts, by demurrer: 2 Remick, Orphans' Court Practice, sec. 292. We see no objection to the question being raised as here by an answer in the nature of a demurrer, but in such case we must take the facts averred in the petition as being true: Greenaway's Estate, 38 York 169; Swalley's Estate, 23 D. & C. 629.

From the petition the following facts appear: Ralph P. Schoble is one of the beneficiaries in a deed of trust dated March 3, 1927, executed and delivered in Philadelphia and now being administered here by the Fidelity-Philadelphia Trust Company, substituted trustee. The assets constituting the corpus of this trust have their situs here.

On March 31, 1939, Ralph P. Schoble and his wife, the petitioner, executed an agreement of separation, settling certain property rights and providing for support and maintenance of the wife petitioner and their two minor children. To carry out part of the terms of the separation agreement, Ralph P. Schoble executed a deed of trust, dated April 1, 1939, to the Hame Corporation as trustee, and in it assigned a portion of the income in trust which he was entitled to receive under the 1927 deed of trust. Both agreement of separation and deed of trust were executed and delivered in Philadelphia. By the terms of the 1939 deed of trust the income is to be used for the support of petitioner and the children, etc., "with power to invest the excess not required for the purposes as aforesaid." The deed contains a spendthrift trust provision and limits the payments to be made by the trustee so long as the wife shall live and not remarry and until the children and each of them shall die or attain the full legal age.

The Hame Corporation, trustee, is what is commonly called a "family corporation", the stockholders of which comprise the family of E. C. Bisbee, who is Mrs. Schoble's (petitioner's) father. Its business is that of owning and holding certain assets for the benefit of the Bisbee family, but it is also authorized by its charter to act as trustee. Pursuant to the deed of trust the Hame Corporation, as trustee, collected the income in the County of Philadelphia and paid it over to the beneficiaries, who reside in Montgomery County, Pa. Ralph P. Schoble also resides in Montgomery County. The Hame Corporation is a corporation of the State of Delaware with its principal office in Wilmington. It is not

registered in Pennsylvania and has no office anywhere within this State.

On March 14, 1941, Ralph P. Schoble, the settlor, addressed a letter to the Fidelity-Philadelphia Trust Company, trustee under the deed of trust of March 3, 1927, by which he attempted to repudiate his deed of trust to the Hame Corporation. The Hame Corporation has annexed to its petition its resignation as trustee and asks for its conditional discharge and that the Land Title Bank & Trust Company be substituted as trustee in its place and stead.

No account was ever filed heretofore nor were proceedings ever instituted in any other court of this State or elsewhere.

The objections which Ralph P. Schoble raises to the jurisdiction of this court will be considered in order.

1. Objection is made that petitioner, being a nonresident of this county, has no right to present her petition to this court. This objection is wholly without merit. Section 11 of the Declaration of Rights (article I) of the Pennsylvania Constitution provides in express terms that "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law . . ." There is, it will be observed, no condition imposed of citizenship or residence. When a suitor comes into this court, nonresident though he or she may be, jurisdiction is thereby conferred over such suitor: Delco Ice Manufacturing Co. v. Frick Co., Inc., 318 Pa. 337, 345 (1935).

2. It is next objected that the court has no jurisdiction because Ralph P. Schoble was, at the date the trust began, and still is a resident of Montgomery County. The record shows, however, that Ralph P. Schoble was personally served with the citation in this county. The citation of this court, like the summons of a common pleas court, is the equivalent of the "original writ" and may be served as directed by act of assembly. The

Orphans' Court Act of June 7, 1917, P. L. 363, sec. 17, provides the manner of service and subdivision (*d*) enacts that such service may be made anywhere within the Commonwealth. Obviously nonresidence alone, either of the State or county, cannot operate to exempt a person from service made personally upon him while within the territorial jurisdiction of the court. There is no merit in this objection: Degan et al., Executrices, v. Kierwan, 326 Pa. 397 (1937).

3. Objection is made that the Hame Corporation, the trustee, is a foreign corporation which is neither registered to do business in this State nor maintains any office here. It is, of course, true that our jurisdiction does not run beyond the boundaries of the State and our process served outside of the State cannot operate to give us jurisdiction over the *person* of a nonresident so served, although it may operate to conclude such person's rights in property within the jurisdiction or subject to the control of this court should he elect to ignore it: Wallace v. United Electric Co. et al., 211 Pa. 473; Atlantic Seaboard Natural Gas Co. v. Whitten, 315 Pa. 529; Pennoyer v. Neff, 95 U. S. 714.

However, we are not concerned with that question here because the Hame Corporation has voluntarily appeared, joins in the prayer of the petition, and submits itself to the jurisdiction of this court. This it may do even though it has no office in this State. See Restatement of Conflict of Laws, sec. 90, where it is said:

"A state can exercise through its courts jurisdiction over a foreign corporation in so far as the corporation has consented to the exercise of jurisdiction, whether or not the corporation is doing business within the state, and whether or not the cause of action arose out of business done within the state." Cf. Mazzoleni v. Transamerica Corp. et al., 313 Pa. 317 (1933).

Nor does the fact that the Hame Corporation is unregistered alter this rule. The Business Corporation Law of May 5, 1933, P. L. 364, sec. 1002, 15 PS §2852-

1002, requires only foreign corporations doing business in this State to register and, since respondent denies that the Hame Corporation has done or is doing business here, it is not easy to follow the argument of Mr. Schoble's learned counsel that the Hame Corporation should have first registered in this State. The penalty provision of the Business Corporation Law, sec. 1014, 15 PS §2852-1014, while denying to an unregistered foreign corporation the right to "institute or recover on any contract" until certificate of authority has first been obtained and penalty paid, expressly preserves the *validity* of the contract made by it. Here the Hame Corporation is neither instituting nor seeking to recover on any contract and the action before us in a sense is instituted against it and not by it. The prohibitions of the act are not applicable so there is no merit in the objection based thereon.

4. The answer's next objection is that this court can gain no jurisdiction over the Hame Corporation by its submission to this court's process or by consenting to become party to the proceeding, because lack of jurisdiction cannot be waived. There are cited to us authorities such as Smith's Estate, 141 Pa. Superior Ct. 571, Blumenthal's Estate, 227 Pa. 268, and Hazard's Estate, 253 Pa. 447. These cases are all cases in which the court had no jurisdiction over the *subject matter* and lacked the power to *entertain* the proceedings. In such case, it is true, as we recently pointed out in Appeal of Girard Trust Co. et al., Trs., 40 D. & C. 90, lack of jurisdiction cannot be supplied by consent or waiver. Jurisdiction of the subject matter means the power to hear cases of the general class to which the proceedings in question belong: Welser v. Ealer, 317 Pa. 182. The subject matter of this proceeding is a "trust inter vivos." The amendment of June 26, 1931, P. L. 1384, to section 9 of the Orphans' Court Act of June 7, 1917, P. L. 363, in express terms gives us jurisdiction of such trusts without any limitation or restriction in regard

to the place the trust was created, where it is administered, or where the parties live. It is especially to be noted that there is no limitation such as that imposed on the common pleas courts by the Act of June 14, 1836, P. L. 628, sec. 15, 20 PS §2741, by which the jurisdiction of the common pleas courts over trusts inter vivos is expressly restricted to the court of the county where the trustee resides or corporate trustee is situate. The Act of 1836 does not and has never been held to apply to the orphans' court.

While jurisdiction of the *subject matter* cannot be supplied by waiver or consent, jurisdiction of the *parties*, depending as it does in adverse cases upon service on the defendant or respondent within the territorial limits of a court's jurisdiction, may be acquired by consent or waiver. Thus, a general appearance by a party after service is a waiver of all defects in the writ or the service thereof: Schober v. Mather, 49 Pa. 21 (1865); Jeannette Borough v. Roehme, 197 Pa. 230. The rule applies as well to equity proceedings: Briton v. Hogue et al., 172 Pa. 366 (1896); and see also Cronin's Case, 326 Pa. 343 (1937), and Susquehanna County Auditors' Report, 123 Pa. Superior Ct. 195 (1936).

It is manifest however that, though this court may have the power to entertain the proceedings and even though it has gained jurisdiction over all necessary parties in interest either by proper service of its process or their voluntary appearance, a due regard for the principles of comity to another State's courts, convenience of parties, and ability to make its decree effective makes it discretionary with the court appealed to to determine whether jurisdiction should be exercised in cases of this kind: Cronin's Case, supra.

There remains for consideration, therefore, the question whether we should exercise our jurisdiction in this case. To this question the learned Judge Penrose, in Leaming's Estate, 10 Dist. R. 389 (1901), speaking for this court, gave the following answer:

"In the recent case of Laughlin v. Solomon, 180 Pa. 177, it was held that while a foreign executor or administrator could not sue in Pennsylvania, neither the Act of of Assembly nor the principle upon which it is founded prevents him from being sued by a resident claimant. The subject is there exhaustively considered by Judge Mitchell, by whom the authorities, including Swearingen v. Pendleton, 4 S. & R. 389, Evans v. Tatem, 9 S. & R. 252, . . . Magraw v. Irwin, 6 Norris 139, &c., &c., &c., are referred to and commented on: the conclusion being that the suit will be sustained 'unless it trenches unduly on the jurisdiction of another court already attached, or would expose parties subject to such jurisdiction to inequitable burdens'."

More recently in Martin v. Martin, 214 Pa. 389, 393 (1906), our Supreme Court said:

"Any court within whose jurisdiction the trust property might have been situated would have had jurisdiction over it in a proper proceeding for its protection and conservation, and any court within whose jurisdiction the trustee might have been found would have had jurisdiction over him to compel a proper account of the trust assets in his hands. Wherever he went, his personal accountability as a trustee followed him and could have been enforced against him personally wherever found in a proper proceeding, after service of process upon him; but by the decree of no court, not having exclusive jurisdiction over him, could he have been personally bound by attempting to bring him within its jurisdiction by extra-territorial service of process." See also Hess' Estate, 19 Dist. R. 52 (1909).

In Restatement of Conflict of Laws, sec. 297, it is said:

"A trust of moveables created by an instrument inter vivos is administered by the trustee according to the law of the state where the instrument creating the trust locates the administration of the trust"; and comment

(d) explains "In order to determine where the administration of the trust is located, consideration is given to the provisions of the instrument, the residence of the trustees, the residence of the beneficiaries, the location of the property, the place where the business of the trust is to be carried on."

Applying these principles to the facts of the matter before us, we find that so far as there is a trust res it is located in this county, for the fund from which the income payable to Hame Corporation under the deed of trust emanates is here in the possession of the Fidelity-Philadelphia Trust Company. This court, therefore, could render an effective decree. That the trust was intended to be administered here is shown by paragraph 2 (c) of the Schoble deed directing the trustee to invest surplus income received in "What are commonly known as legal investments under the laws of the Commonwealth of Pennsylvania." Next, no other court has previously exercised jurisdiction over this trust. If it had, under the rule of comity, we would be bound to respect it: Cronin's Case, supra. All parties in interest are before this court and though the corporation is technically a foreign corporation all its stockholders and its officers through whom it must act are within our jurisdiction. Moreover the trust instrument was executed here and the trustee is willing to deliver such assets as it may have in accordance with the adjudication of this court. The individual parties in interest, both petitioners and respondent, are residents of this State and though residents of a neighboring county they would not be unduly burdened by proceedings in this court.

We do not mean to say that all of these factors must necessarily be present in every such case before we will take jurisdiction, and there may arise other factors equally persuasive which we have not mentioned. We do say, however, that we find those mentioned sufficient to warrant us in taking jurisdiction in this case as prayed for.

The prayer of the petition is granted and counsel directed to prepare and submit the requisite decree.

BOLGER, J., dissenting.—I must reluctantly dissent from the majority opinion for the following reasons: (1) The residence of the trustee is not in this State or county; (2) the beneficiaries reside in Montgomery County; (3) the trust is not administered here; (4) the trust res cannot be said to be in this county; the source from which the trustee collects the property is here, but jurisdiction of a trust should not be based on mere source of property or residence of other fiduciary having such property in its hands, neither of which is before the court.

These are the ordinary things that control our jurisdiction, and there is, in this case, no such thing as a fugitive trustee who is sought by injured beneficiaries, or other emergency of like character.

I would not require these parties to go to the State of Delaware, but I observe nothing in the pleadings or authorities that confers jurisdiction on the Orphans' Court of Philadelphia County.