## Harrison Estate

*George V. Strong, Jr.;* for accountants.

KLEIN, A. J., June 3, 1974.—Under the terms of Paragraphs SECOND (a), THIRD and FOURTH of his will and codicil, decedent left the principal of his estate in trust with the income to be paid quarterly to his widow, Marjorie Butler Harrison, for life, and upon her death, he directed that the trust principal be divided into equal shares for his three sons, Robert B. Harrison, Charles L. Harrison and Christopher Norris Harrison, each share being subject to adjustment for the amount inherited by his eldest surviving son, Robert B. Harrison, from the trust estate of his great grandmother, Emily L. Harrison, in order that there be equality of distribution among the sons. The shares for Robert B. Harrison and Charles L. Harrison are to be distributed outright. The share for Christopher. Norris Harrison is to be retained in trust with the income paid to him for life and upon his death the principal to be distributed as he shall appoint by will, but, in the event he died intestate, the principal is payable to his descendants per stirpes.

Testator died April 27, 1968, a resident of Kent County, Maryland. His will and codicil were admitted to probate there and his executors filed their account with the Orphans' Court of Kent County.

At the audit, Mr. Strong submitted a certified copy of a petition filed in the Circuit Court for Kent County, Maryland, praying for the appointment of trustees under testator's will. The petition recites that the will failed to name trustees; that petitioners, Girard Bank and Marjorie Butler Harrison, have been acting as trustees and were holding assets in the amount of $325,000; that petitioners propose the appointment of Girard Bank and William B. McIlwaine, 3rd, as trustees; and that the petition is for the sole purpose of having the court appoint trustees and not for the purpose of assuming jurisdiction for administration of the trust. In an order dated April 17, 1972, it was decreed that Girard Bank and William B. McIlwaine, 3rd, be appointed trustees and it was further ordered "that the Trust Estate is not subject to administration by this Court."

The present account has been filed because of the death of Marjorie Butler Harrison, the income beneficiary, on May 11, 1973, and the resignation of William B. McIlwaine, 3rd, as cotrustee. The Fidelity Bank and William B. McIlwaine, 3rd, are stated to have been appointed executors of the estate of Marjorie Butler Harrison.

The accountants have requested that this court assume jurisdiction of the trust, relying upon language used by testator in Paragraph TENTH of his will as follows:

"In the event of the death, resignation or inability to act of the individual trustee, I direct that application shall be made to the Court having jurisdiction of said trusts for the appointment of a substituted trustee;

it being my intention, however, that the Court give every possible consideration to that person recommended by the beneficiary of said trusts. It is also my intention that no trust created by this Will shall be administered under the supervision of a Court of Equity, and in the event that the Trustees shall at any time apply to any Court of competent jurisdiction for any purpose whatsoever in connection with said trust it is my intention that such Court shall have the jurisdiction of the specific matter in question (including the appointment of a new individual trustee) and shall not take jurisdiction over the trusts created hereunder unless requested to do so by the Trustees."

No other court has assumed jurisdiction of the trust. One of the cotrustees, Girard Bank, has possession of all of the trust assets and is located in Philadelphia. Section 723 of the Probate, Estates and Fiduciaries Code, 20 Pa. S. 723 provides.

"The situs of a testamentary trust shall be in the county where letters were granted to the personal representative, and in the absence of such letters, then in a county where such letters could have been granted, and if no such letters could have been granted, then in a county in which any trustee resides or is located."

In Rockwell Trust, 7 D. & C. 2d 409 (1956), 6 Fiduc. Rep. 497, decedent, at the time of her death, was a resident of the District of Columbia and her will was probated there. The appointed trustee was a resident of Chester County, Pa. The question arose as to whether the Orphans' Court of Chester County had jurisdiction over the trust and the court held that it would assume jurisdiction under section 307 of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.307. This section was replaced by section

723 of the Probate, Estates and Fiduciaries Code, 20 Pa. S. 723.

Under the third clause of section 723 of the code, the situs of a testamentary trust of this kind is located "in a county in which any trustee resides or is located." The court in Rockwell Trust Estate construed the identical earlier counterpart of this section as indicating that "the jurisdiction over testamentary trusts vested in the orphans' courts is not confined to testamentary trusts created by Pennsylvania decedents": 6 Fiduc. Rep. 499. The reasoning followed by the court was that where the trustee and the trust fund were no longer located at testator's domicile and where the court of the domicile had not expressly retained jurisdiction, there appeared to be no reason why the Pennsylvania court should not assume jurisdiction. See Hunter, Trustees, §1(b); 6 Partridge-Remick, Pennsylvania Orphans' Court Practice, §44.01, page 18; Rice Trust, 6 Fiduc. Rep. 225 (1956); Tyler Trusts, 1 Fiduc. Rep. 159 (1951); and Cronin's Case, 326 Pa. 343 (1937).

It is clear that it is within the power of this court to assume jurisdiction of the trust and that the facts justify the exercise of that power. The assets are located here and the trust is being administered here. No other court has taken jurisdiction and decedent spelled out his intention that jurisdiction be exercised by this court upon application by the trustees. For all of these reasons, we grant the request of the accountants and accept jurisdiction.

No Pennsylvania inheritance tax has been paid by the trust and none was claimed by the Commonwealth at the audit.

All parties in interest are stated to have received notice of this audit.

Christopher Norris Harrison, whose share of the

principal is to be retained in trust, has four children, three being over 18 years of age and the fourth under 18 years of age. These children and their issue would only have an interest in the principal in the unlikely event Christopher should die intestate. Furthermore, the interests of the minor and other unborn persons are identical with those of Christopher's children who are over 18 years of age. Under these circumstances, we have concluded that all interests are adequately protected and we have waived the appointment of a guardian and trustee ad litem.

By writing dated May 28, 1974, William B. McIlwaine, 3rd, submitted his resignation as cotrustee. In accordance with the directions in testator's will, a petition has been presented for the appointment of Ernest S. Cookerly, Esq., Chestertown, Maryland, as substituted cotrustee. Christopher Norris Harrison, the beneficiary of the continuing trust, has approved the selection of Mr. Cookerly and I have this day signed a decree appointing him cotrustee.

A waiver of income accounting up to April 12, 1973, has been submitted and is annexed.

There was no objection to the account which shows a balance of principal of $307,119.06 and a balance of income of 7,957.75 making a total of $315,076.81 from which the income accrued to May 11, 1973, is awarded to The Fidelity Bank and William B. McIlwaine, 3rd, executors of the estate of Marjorie Butler Harrison, deceased, and the balance, together with any further income to time of actual distribution, is awarded one-third to Robert B. Harrison, one-third to Charles L. Harrison, and the remaining one-third to Girard Trust Bank, and Ernest S. Cookerly, trustees, in trust for the continued uses and purposes declared in the will; each such share being subject to adjust-

ment for the amount inherited by Robert B. Harrison from the testamentary trust established under the will of his great grandmother, Emily L. Harrison. It is expected that these adjustments will be reflected in the schedule of distribution.

All awards are subject to such distributions as have heretofore been properly made.

Leave is granted to the accountants to make all transfers and assignments necessary to effect distribution in accordance with this adjudication.

A schedule of distribution, duly certified by counsel to be correct and in conformity with this adjudication and, if distribution is to be made in kind, approved by all parties in interest, shall within 90 days after the absolute confirmation of this account be submitted to the auditing judge. The schedule, when approved and annexed hereto, will form part hereof.

The certificate of the official examiner as to the award in trust will be produced to the auditing judge in accordance with the rule of court.

And now, June 20, 1974, the account is confirmed nisi.