(No. 33038.—

CLARENCE GRAMES, Appellee, *vs.* FRANK E. NORRIS *et al.* —(DEPARTMENT OF PUBLIC WELFARE, Appellant.)

*Opinion filed May 24, 1954.*

LATHAM CASTLE, Attorney General, of Springfield, and WILLIAM L. GUILD, State's Attorney, of Wheaton, (JOHN L. DAVIDSON, JR., MURRAY F. MILNE, and JOHN E. HOWARTH, of counsel,) for appellant.

GORDON MOFFETT, of Wheaton, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This appeal from the circuit court of Du Page County involves the question of the liability of a trust estate income for the State's care of an incompetent. The trust here was established by the will of John Norris, executed December 7, 1929. The testator died in 1931. A $20,000 fund was created, to become effective after the testator's widow died, the income of which was to be for the benefit of their incompetent son. After the son's death the fund is to be divided among three of the testator's named nieces in accordance with the provisions of his will. By the same will the testator's widow was given all the income and so much of the principal as was necessary, with the request that she financially aid their only son (the incompetent) when needed. It is apparent from the record that the son was incompetent at the time of the execution of the will. It is also evident that at the time of the proceedings in question the testator's widow was no longer living.

In January, 1952, the testamentary trustee of the $20,000 fund petitioned the circuit court for authority to make monthly payments to the Department of Public Welfare for the support of the incompetent and an order of authorization was accordingly entered. In August, 1952, the same trustee petitioned the court to vacate its order, alleging that sections 9-19 and 9-20 of the Mental Health Code (Ill. Rev. Stat. 1951, chap. 91½, pars. 9-19, 9-20,) had been declared unconstitutional; that the income of the trust was insufficient to make the $60 monthly payments; that the income was subject to administration expense; and that the three nieces were not liable for the support of their incompetent cousin. The trustee requested the court to ascertain and determine his liability under the cited sections of the statute. The Department of Welfare appeared at the hearing and, after consideration, the trial court found that said sections were held unconstitutional

by a court of competent jurisdiction; that the income yielded from $20,000 in United States Government securities was insufficient to make the $60 monthly payments; that the trustee had no power to invade the *corpus* and that the nieces are not liable for the incompetent's support. In September, 1952, the court ordered the payments to cease.

In May, 1953, the Department of Welfare was granted leave by the trial court to file an intervening petition which, among other things, alleged the trustee received $460 interest annually and then had $1700 in accumulated interest; that the Department regulations provided that income of its wards over $20 per month was subject to its claim for care, and moneys of wards in excess of $500 were assessable for care. Issue was joined by the trustee's denial that any part of the income of the fund was liable for the care and maintenance of the incompetent. The lower court found and held that the trustee had no authority to pay any part of the income to the Department.

The Department of Welfare here contends (1) that under our Mental Health Code the income of the trust is subject to its being applied to defray the *per capita* cost, as determined by the Department, for the care and maintenance of the beneficiary in a State hospital, (2) that the trustee has the power and authority to make such payments out of income, and (3) that such payments would be for the benefit of the incompetent under the provisions of his father's will. The trustee takes issue with these contentions and in addition alleges in his motion to dismiss that this court is without jurisdiction because section 2-4 of the code provides that appeals from final orders made and entered in proceedings under this act must be taken to the Appellate Court within thirty days after entry of the order, (here the appeal was taken more than eighty days after entry of the order,) and also because the original proceeding was not brought in the county court as provided in section 9-23 of the code.

The wording employed in section 2-4 of the code and the context of article II in which it is found makes it obvious that it relates only to commitment matters and not to proceedings in the nature of the present one. Although section 9-23 provides machinery for the collection of maintenance charges, we are of the opinion that it is not an exclusive remedy. No express language employed in the section makes the remedy exclusive; nor is it necessarily implied. At common law the estate of an incompetent was liable for necessaries. (28 Am. Jur. 699; *Cronin's Case,* 326 Pa. 343, 192 Atl. 397.) Since the statute does not create a new liability unknown to common law, the remedy is cumulative and the instant proceeding instituted in a court of chancery, because a testamentary trust was involved, was appropriate. (*Kosicki* v. *Healy Co.* 380 Ill. 298.) The revenue of the State is directly involved and the jurisdiction of this court is properly invoked. The appellee's motion to dismiss is denied.

The constitutionality of the Mental Health Code was sustained in *Kough* v. *Hoehler,* 413 Ill. 409. Under the relevant sections of the code a State hospital inmate or his estate is liable for the *per capita* cost of care and maintenance, as determined by the Department, where he or his estate is financially able to defray the cost. We find no merit in the arguments that income yielded by the trust fund is not an "estate" and that, the inmate being the trust beneficiary and not the State, payments from this income cannot be made to the State. We held income to be an "estate" in *McCullough* v. *Judson,* 327 Ill. 381. Nor do we believe it can seriously be contended that the care, support, maintenance and treatment furnished to an inmate by the State are not of benefit to him. The income of this trust, over and above the necessary costs of administration, is liable for the monthly payments for his maintenance. That there is not enough money to make full payment does not relieve that part which can be applied for

payment from liability. The language of section 9-19 makes this clear.

Appellee's argument in respect to the *per capita* cost determined by the Department not being the exact cost for the particular patient has been amply answered in *Kough* v. *Hoehler,* 413 Ill. 409.

For the foregoing reasons, the order of the circuit court of Du Page County is reversed and the cause remanded with directions to enter such further orders as are consistent herewith.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE SCHAEFER took no part in the consideration or decision of this case.