No. 34508.—

THE STATE OF ILLINOIS, DEPARTMENT OF PUBLIC WELFARE, Appellee, *vs.* MARK FOSTER, Conservator of the Estate of Jessie A. Conroy, an incompetent, Appellant.

*Opinion filed January 24, 1958.*

MEREDITH H. DAVIS and DALE G. IVES, both of Aledo, and EAGLE AND EAGLE, of Rock Island, for appellant.

LATHAM CASTLE, Attorney General, of Springfield, (FRED G. LEACH, and M. BROOKS BYUS, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Mental Health Code provides that patients in State hospitals, and their estates, are liable for the cost of their care, treatment, detention and training. (Ill. Rev. Stat. 1957, chap. 91½, pars. 9—19 to 9—25; *Kough* v. *Hoehler,* 413 Ill. 409.) Jessie A. Conroy is an incompetent and is confined in the East Moline State Hospital. She has an estate consisting of $20,100 in bonds of the United States which is being administered by the county court of Mercer County.

The Department of Public Welfare filed a petition in that court seeking an order directing her conservator to pay $3540 on account of accrued charges, and to pay subsequent monthly charges as they accrue. The conservator answered, and the facts were stipulated. The county court entered judgment as prayed in the sum of $3540, and directed the conservator to sell sufficient assets to satisfy the judgment. It also directed him to meet future charges for the care of the patient, and to that end authorized and directed him to sell securities as necessary, until the assets of the estate should be reduced to the amount of $500. Upon the conservator's appeal to the circuit court the same order was entered.

On this appeal from the order of the circuit court it is first argued that only the income of a patient's estate, and not the principal, is liable to meet the charges for his maintenance and care. This contention finds no support in the statute. Liability is imposed upon "each patient in a State hospital and the estate of each patient." A secondary liability, if the patient is unable to pay or his estate is insufficient, is imposed upon the spouse of the patient, his parents or his children. Liability is based throughout upon ability to pay, and the statute authorizes the Department to investigate the financial condition of each person liable under the act and to fix standards by which ability to pay is to

be determined. (Ill. Rev. Stat. 1957, chap. 91½, pars. 9—19 to 9—25.) Nowhere, however, does the statute draw a distinction between the principal of an estate and its income as sources from which the liability is to be satisfied. Indeed, such a distinction, if attempted, might itself amount to an improper discrimination by making the extent of liability vary from one estate to another, depending upon the earning power of particular assets. There is no contrary suggestion in *Grames* v. *Norris,* 3 Ill.2d 112. There the only interest of the incompetent was in the income of a trust fund, and it is for that reason that the opinion speaks of the liability of the income of the trust to meet the monthly charges.

The main contention of the appellant is that the statute, as administered by the Department, violates the equal protection clause of the fourteenth amendment to the constitution of the United States and section 14 of article II of the constitution of Illinois. The validity of the statute itself is not challenged. But it is contended that improper discrimination results from an alleged regulation of the Department to the effect that "Where the patient has an estate, if the same consists of chattel property, it must be liquidated until all is expended except $500 but if the patients' (sic) estate consists of real estate no liquidation of such principal is required." This alleged difference in treatment, depending upon the nature of the assets of the estate, is said to deprive the appellant of equal protection of the law. In the trial court the parties stipulated to the existence of such a regulation, in the language quoted above. Upon oral argument in this court, however, both parties conceded that the Department has adopted no such regulation. Of course we cannot pass upon the validity of a nonexistent regulation.

Even if we were to read the stipulation as describing a uniform practice of the Department, whether embodied in a regulation or not, there is no sufficient basis for saying that constitutional rights are violated. The practice de-

scribed suggests only that different methods of collection are used, depending upon whether real estate or personalty is involved. The nature of the assets in an estate does not affect its liability. A judgment has a different effect on real estate than it has upon personal property. It becomes a lien upon real estate from the moment of its rendition, (Ill. Rev. Stat. 1957, chap. 77, par. 1,) and the priority of the judgment creditor, so far as other creditors are concerned, is fixed at that moment. There are other differences in the character of the two kinds of assets that may affect the choice of a creditor as to the precise moment at which to press for actual collection in cash. No reason is suggested why the Department cannot recognize these differences, and the language of the stipulation does not indicate that the Department has done more than that.

The judgment of the circuit court of Mercer County is affirmed.

*Judgment affirmed.*