The People of the State of Illinois, ex rel. Homer Poskin, Appellant, v. The Kankakee State Hospital Staff and Superintendent or Manager, Appellee.

Gen. No. 11,490.

Second District, Second Division.

April 19, 1961.

Kenneth A. Green, of Mattoon, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for appellee.

SPIVEY, J.

Homer Poskin filed his petition in the Circuit Court of Kankakee County for a writ of habeas corpus seek-

ing his release from restraint, detention and imprisonment at the Kankakee State Hospital.

His petition alleges his detention to be by virtue of a null and void order of the County Court of Kankakee County; and that he is not now insane or in need of mental treatment or mentally ill, and that he is now fully and completely in possession of his mental faculties and reason. With respect to the invalidity of the order the petition details eight grounds (1) the original commitment being an emergency admission under Article 6 of the Mental Health Code, Chap. 95½, Sects. 6–1 to 6–6, inc., Ill. Rev. Stat. 1955, the County Court lost jurisdiction for failure to set a hearing within 15 days as provided by Sect. 6–4 of Article 6; (2) the hearing on the petition was not held in the regular County Court room in Kankakee County; (3) no reasonable notice was given him of the hearing; (4) neither of the doctors who signed the report of commission in fact examined him on October 10, 1956; (5) the commission was not appointed prior to the hearing as provided by Section 5–5 of Article 5; (6) he was never examined by Dr. G. E. Irwin on September 14, 1956 as shown by the physician's certificate which accompanied the petition for commitment; (7) the County Court lacked jurisdiction because he was at that time in custody on a criminal charge as provided by Sect. 1–8 of Article 1; and the person who signed the original commitment petition was his attorney in a personal injury action, that they were in violent disagreement over its settlement and that the attorney would gain by petitioner's commitment.

Respondent's return to the writ stated, that Homer Poskin's restraint was by virtue of an order of commitment entered in the County Court of Kankakee County (order attached as an exhibit), and denied that Homer Poskin is recovered from his mental illness for which

he was committed but that he is mentally ill and by reason thereof not entitled to be discharged from custody.

On the issues joined by the petition and return thereto, a trial was had and at the conclusion thereof the petition was denied and petitioner was remanded to the custody of the Kankakee State Hospital. From this order petitioner appeals.

Appellee filed a motion in this court to dismiss the appeal on the grounds that (1) the abstract and record fail to show a notice of appeal or the filing or service thereof, and a judgment entered from which the appeal is taken; and (2) this proceeding in habeas corpus is not reviewable. Appellee in his brief and argument again urges his motion to dismiss. The motion together with appellant's objections thereto was taken with the case.

Referring to the first ground for dismissal, we have examined the record and abstract and find to the contrary. Appellee states that the appeal is from a docket entry and as such does not constitute a final judgment from which an appeal may be taken.

We find the record to contain the clerk's expanded order which, after reciting the term date, opening of court, present a duly constituted court, the number and style of the case, reads, "Now on this day Petitioner in the above entitled cause, in Court in person and by Thomas J. Logue, his attorney, People of the State of Illinois represented by Edward P. Drolet, Assistant States Attorney. Hearing on petition for Writ of Habeas Corpus and return. Witnesses sworn, evidence heard. Petition denied. Petitioner remanded to the custody of Kankakee State Hospital, Kankakee, Illinois. . . . Now on this day Notice of Appeal filed in the above entitled cause. Proof of service of Notice of Appeal filed. Praecipe for Record filed. Proof of service of Praecipe for Record filed."

Appellant's abstract labeled this order in his abstract as a docket entry. Without regard to what nomenclature appellant chose to place upon it, we find it to be the clerk's expanded order and that it constitutes a final order.

Appellant in his objections to the motion to dismiss informs us that the habeas corpus proceeding was conducted pursuant to the provisions of the Habeas Corpus Act, Chap. 65, Ill. Rev. Stat. 1955, authorized by the Mental Health Code, Sects. 7–15, 7–16 and 7–17, Chap. 95½ Sects. 7–15, 7–16 and 7–17 Ill. Rev. Stat. 1959, and argues that the Habeas Corpus Act being silent as to appeals, Section 1 of the Civil Practice Act. Chap. 110, Sect. 1, Ill. Rev. Stat. 1959 affords the right of appeal under the provisions of the Civil Practice Act.

Appellant makes no issue on appeal to the court's finding that he has not recovered from the mental illness for which he was committed and is still mentally ill, and confines his assignment of error to that of the County Court's order of commitment being void.

Excepting therefrom extradiction cases, Chap. 60, Sect. 27, Ill. Rev. Stat. 1959, and cases involving custody of children, Cormack v. Marshall, 211 Ill. 519, 71 N. E. 1077; People v. Burr, 316 Ill. 166, 147 N. E. 47; it has been the long established rule in this state that no appeal lies to review the order or judgment of a court or judge in a habeas corpus proceeding, including an order granting or denying a writ of habeas corpus or a discharge from imprisonment of a person illegally restrained. (People ex rel. Maglori v. Siman, 284 Ill. 28, 119 N. E. 940, and People v. Loftus, 400 Ill. 432, 81 N.E.2d 495.)

In Sullivan v. People, 224 Ill. 468, 79 N. E. 695, it was said, "Chapter 65 of the Revised Statutes purports to cover the whole subject of the law in relation to habeas corpus. It creates a complete code of procedure,

154

prescribing what the petition shall contain, the form of the writ and how it shall be served, and providing for the return and hearing. It not only fails to provide for an appeal but contemplates second applications and writs, and places limitations upon the power of the court on a second writ which are inconsistent with the intention to allow an appeal. If it should be held that the statute authorizes an appeal, the right would be an absolute one, by which the execution of the order would be stayed and an illegal detention might perhaps be continued contrary to the intent of the habeas corpus act." Quoted with approval in People v. Burr, 316 Ill. 166, 147 N. E. 47.

In an appeal from a habeas corpus proceeding involving the custody of a child, Cormack v. Marshall, 211 Ill. 519, 71 N. E. 1077, the Supreme Court said, "In the consideration of all rights, however, the unbroken custom of ages, the good of society and the very necessities of the case require the courts shall observe the rules of established law. *If the question here presented were one between the individual seeking his liberty from alleged unlawful restraint and the people of the State insisting upon such restraint,* then by an unbroken line of decisions in this State, *we would be free and bound to hold that an order in one proceeding before either a court or a judge thereof is not a final order from which an appeal or writ of error would be and could not* be pleaded as a bar to another or further proceeding. (Hammond v. People, 32 Ill. 446; Ex parte Thompson, 93 id. 89; 9 Ency. of Pl. & Pr. 1070)." (Emphasis supplied)

We conclude that the Habeas Corpus Act being a general statute purporting to cover the whole subject matter would be controlling in this case in the absence of a special statute incorporating a portion of the subject matter of habeas corpus which would be inconsistent with the general statute.

155

Article VII of the Mental Health Code, entitled Restoration—Discharge—Habeas Corpus, provides the avenue for discharge of persons who have been adjudged in need of mental treatment, mentally deficient or mentally ill who are at the time of seeking their discharge no longer are in need of mental treatment and no longer mentally deficient or mentally ill.

In addition to the procedures afforded for discharge by the original committing courts, Sects. 7–15, 7–16, 7–17 of Article VII provide for discharge by writ of habeas corpus. No appeal is provided from orders entered under these sections. Nor do these sections in the Mental Health Code modify, extend, limit or are they inconsistent with the Habeas Corpus Act.

Article II of the Mental Health Code, entitled Jurisdiction—Duties of States Attorney—Appeals, provides in the case of court commitments under Article V, jurisdiction of mentally deficient persons is vested in the Circuit, County, City and Municipal Courts and of mentally ill persons and persons in need of mental treatment jurisdiction is vested in the County Courts.

Article VII provides that a person committed who is no longer mentally ill, mentally deficient or a person in need of mental treatment may file his petition for discharge in the *committing court.*

Section 4 of Article II of the Mental Health Code providing for appeals states,

"Appeals from the final orders or judgments of the court of *original jurisdiction* made and entered in proceedings under this Act, may be taken by any person including the person alleged to be mentally ill, mentally deficient, or in need of mental treatment, who considers himself aggrieved, to the Appellate Court of this State, in the same manner as in other civil cases in courts of record; provided no appeal may be taken more than 30 days after the entry of the order or judgment appealed from" (Emphasis supplied.)

In Grames v. Norris, 3 Ill.2d 112, 120 N.E.2d 7, the Supreme Court in considering the application of Section 2–4 said, "The wording employed in section 2–4 of the code and the context of article II in which it is found makes it obvious that it relates only to commitments and not to proceedings in the nature of the present one."

To us it seems abundantly clear that the only appeal contemplated or provided by the Mental Health Code is that from the orders of the *original court* having jurisdiction on commitment and the same court on order for discharge. The Circuit Court of Kankakee County under the Mental Health Act did not have original jurisdiction of Poskin who was alleged and found to be a mentally ill person.

Appellant suggests that insomuch as the Habeas Corpus Act is silent on the subject of appeals, the provisions of the Civil Practice Act regulating appeals would be applicable and would afford him the right of review. With this contention we are unable to agree.

Appellant fails to support his contention by any argument that would assist this court in arriving at such a conclusion.

Section 22 of the Habeas Corpus Act contains the only provision making reference to the Civil Practice Act. By that section the provisions of the Civil Practice Act, including the provisions for appeal, are made applicable to any action to recover penalties provided by the Habeas Corpus Act.

The sole reference by appellant is to Section 1 of the Civil Practice Act, Chap. 110, Sect. 1, Ill. Rev. Stat. 1959, which excludes the subject of habeas corpus from its provisions of the Civil Practice Act except insofar as to matters of *procedure* not covered by the Habeas Corpus Act.

The Civil Practice Act by its very title limits its provisions to practice and procedure in the courts of this state.

157

■■■ The right to appeal from a judgment or order of a nisi prius court in civil proceedings is purely statutory, and it is within the power of the legislature to prescribe the cases in which the court to which a litigant may bring a cause for review by that method. In proceedings which are purely statutory and in which the jurisdiction of the court is not exercised according to the course of the common law there can be no review unless it is specifically provided for by statute and their review must be had in the manner prescribed.

Our attention has been called to the case of Shamel v. Belinson, 15 Ill.App.2d 570, 147 N.E.2d 99, wherein, that court questioning its authority to review a similar matter chose to review a like order of a circuit court dismissing a writ of habeas corpus.

The opinion is silent on the question of whether or not a motion to dismiss was before them. The subject matter was not one on which the court on its own motion was obliged to dismiss for want of jurisdiction in that court.

If the court in that case meant to hold that the habeas corpus order in that case is reviewable, we must respectfully withhold our approval in view of what we have said herein.

Appellee's motion to dismiss the appeal on the ground that the subject matter is not reviewable will be allowed.

Appeal dismissed.

CROW, P. J. and WRIGHT, J., concur.