DAVID J. HILL, Plaintiff-Appellant, *v.* NATURAL GAS PIPELINE COMPANY OF AMERICA, Defendant-Appellee.

(No. 55619; ▮▮▮▮▮▮▮▮▮▮

First District (1st Division)—April 9, 1973.

556

Edward J. Bradley, of Bradley and Bradley, of Chicago, for appellant.

Leo M. Tarpey, Jr., of Doyle & Tarpey, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This appeal arises from a personal injury action for damages suffered by the plaintiff when the walls of a trench in which he was working collapsed on him. The case was tried before a jury. At the close of all the evidence, the court granted defendant's motion for a directed verdict and judgment was entered thereon.

The defendant entered into a written agreement with Contracting and Material Company (hereinafter Contracting) to install a gas pipe line through the defendant's land. No other contractors were involved in the operations. Under the terms of the agreement, Contracting was designated an independent contractor. The defendant retained the right to inspect the work done by Contracting, and the contract provided for the designation of certain of the defendant's employees as inspectors of Contracting's work.

On September 19, 1963, the plaintiff, who was employed as a welder's helper by Contracting, was part of a tie-in crew, engaged in welding together forty-foot lengths of pipe after the pipe was laid in a trench. When the plaintiff arrived at the trench in which he was later injured, he found that the sides had caved in. He waited while a clam operator used his machine to remove the debris, after which the plaintiff went into the trench to work. The bottom of the trench contained water, which eroded the sides at that level, giving the trench an upside-down mushroom appearance. The plaintiff had worked with a welder for about forty-five minutes, when he became aware that the clam was again coming toward the trench. The clam operator veered left after being waved away some distance from the edge of the trench. At that point, however, the sides of the trench collapsed, crushing the plaintiff against the pipe. Testimony was introduced as to his injuries.

The Chief Inspector of the defendant testified that he and the other inspectors were at the job site to see that the pipeline was laid in the manner prescribed. The plaintiff testified that an inspector of the defendant had told him how to do his work before the date of the accident. The plaintiff also testified that on the day of the accident an inspector of the defendant had been in the trench after it was cleared by the clam operator and that the inspector had left the trench when the plaintiff began working. He added that the inspector had remained at the rim of the trench, looking down on the defendant working.

■■ A directed verdict is not permissible unless all of the evidence, viewed in its aspects most favorable to the plaintiff, so overwhelmingly favors the defendant, that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.,* 37 Ill.2d 494, 229 N.E.2d 504.) Keeping this standard in mind, we turn to an examination of the evidence in this case.

■■ The plaintiff initially seeks recovery on the theory that the relationship of defendant and Contracting was that of master and servant, rather than owner and independent contractor, thus imposing liability on the defendant as the plaintiff's master for failure to provide a safe place for the plaintiff to work. With this we cannot agree. An examination of the terms of the contract discloses no terms under which the defendant could control the manner of doing the work. The plaintiff's own cited authority sets out the test:

> "In determining whether a workman is an employee or an independent contractor, the principal consideration, under the general rule pertaining to employer and employee, is the right to control the manner of doing the work. Not the actual exercise of the right by interfering with the work, but the right to control, constitutes

the test." *Ozark Minerals Co. v. Murphy*, 384 Ill. 94 at 99, 51 N.E.2d 197 at 199.

■■ It is clear from our examination of the contract that the defendant retained the right of inspection solely to insure that the work done by Contracting conformed to the specifications of their agreement. Considering that most of Contracting's work was later covered by back filling of the trenches, inspection rights were simply sound business practice. The defendant was assuring itself that it got what it was paying for. There is no support for the plaintiff's argument that a master-servant relationship existed.

■■■ A second theory of recovery is also suggested by the plaintiff. This court has approved the rule that one who engages an independent contractor, but retains control of certain functions under the contract, can be held liable for injuries incurred as a result of the negligent exercise of those retained functions. (*Weber v. Northern Illinois Gas Co.*, 10 Ill.App.3d 625, 295 N.E.2d 41.) In this case, however, the only function retained by the defendant was the inspection of the work to determine whether it conformed to the contract specifications. There was no retained right to control safety precautions or to direct the manner in which the work was to be done. This is further verified by the fact that none of the equipment on the job belonged to the defendant, and the only employees of the defendant at the job site were the inspectors. Consequently, we find that the defendant did not retain control over any function under the contract which could have caused the plaintiff's injury, had it been negligently performed.

For the reasons above stated, the judgment is affirmed.

Judgment affirmed.

GOLDBERG and EGAN, JJ., concur.