Virgil D. FOSTER, Appellant,

v.

NATIONAL STARCH AND CHEMICAL COMPANY, a corporation, Appellee.

No. 73-1411.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 24, 1974.

Decided June 24, 1974.

Lance Callis, Granite City, Ill., for appellant.

Burton C. Bernard, Granite City, Ill., for appellee.

Before KILEY, Senior Circuit Judge, CUMMINGS, Circuit Judge, and HOFF-MAN, Senior District Judge.*

KILEY, Senior Circuit Judge.

Plaintiff Foster, an employee of Blaw-Knox Company, an independent contractor, sued National Starch and Chemical Company in an Illinois state court for damages for an injury he sustained while working on the National Starch premises. National Starch removed the diversity suit to the district court, which granted its motion for summary judgment. Foster has appealed. We affirm.

In 1968 National Starch contracted with Blaw-Knox for construction of a "polymeric amine"[1] plant on National Starch property in Meredosia, Illinois. Foster did welding work on the job for Blaw-Knox. After having worked for about a month, Foster, while welding a

drip drain pipe, stepped back to permit an assistant to clean the weld, fell backwards over cement blocks, and sustained serious and permanent injuries. He filed his complaint in the district court alleging that National Starch was liable because in the construction contract it retained right to exercise control over the construction project. National Starch's motion and the summary judgment against Foster followed.

I.

Foster contends the judgment is erroneous because National Starch retained sufficient control in the contract over the premises and work to be done to render it liable for violation of its duty to provide him with a safe place to work. He argues that the evidence of National Starch's right to control, taken most favorably for him, presents a genuine issue of material fact precluding summary judgment.

This court in 1970 in Craig v. Olin Mathieson Chemical Corporation, 427 F. 2d 962, held that although a landowner owes the common law duty to warn employees of an independent contractor of hidden dangers, on the land, of which he knows but of which employees are ignorant, the landowner is not liable for an employee's injuries where the employee was experienced in his particular work and was aware of an obvious dangerous condition. The holding was an application of the Illinois law at that time, Calvert v. Springfield Light Co., 231 Ill. 290, 293, 83 N.E. 184, 185 (1907), when Illinois courts had not adopted Restatement Rule § 414.

██ In the case before us, the concrete blocks over which Foster stumbled were not a hidden danger, but one that was, or clearly should have been, obvious to Foster. We see no genuine issue of material fact as to the liability of National Starch. Accordingly, National Starch was not liable, as a matter of

* Senior District Judge Julius J. Hoffman of the Northern District of Illinois is sitting by designation.

1. Amine is a basic compound derived from ammonia by replacement of the hydrogen with hydrocarbon or other "radicals."

law, under our decision in *Craig*. National Starch however concedes here that recent Illinois cases, Weber v. Northern Illinois Gas Company, 10 Ill.App.3d 625, 295 N.E.2d 41 (1973); Hill v. Natural Gas Pipeline Company of America, 11 Ill.App.3d 555, 297 N.E.2d 243 (1973), and Pasko v. Commonwealth Edison Company, 14 Ill.App.3d 481, 302 N.E.2d 642 (1973), have broadened the rule of · *Calvert, supra,* and Nowicki v. Union Starch and Refining Company, 54 Ill.2d 93, 296 N.E.2d 321 (1973),[2] by adoption of Restatement of Torts (Second) § 414.[3] And the parties agree that under current Illinois law liability of National Starch depends upon the degree of control it retained under the contract. Weber v. Northern Illinois Gas Company, *supra*. It is the right retained and not the exercise of the right that is vital. *Id.*[4]

Under the rule in Restatement of Torts (Second), mere retention by National Starch of a general right "to order the work stopped or resumed, to inspect its progress or receive reports, to make suggestions or recommendations which need not be followed, or to prescribe alterations and deviations" cannot render National Starch liable. Pasko v. Commonwealth Edison Company, 14 Ill. App.3d 481, 302 N.E.2d 642, 648; Weber v. Northern Illinois Gas Company, *supra; see* Hill v. Natural Gas Pipeline Company of America, *supra*. Under the

rule, National Starch is not subject to liability unless it retained control to the degree that it interfered with the freedom of Blaw-Knox to do the work in its own way. *Pasko, supra,* 14 Ill.App.3d at 468, 302 N.E.2d 642.

The construction contract gave Blaw-Knox construction and supervisory control although National Starch reserved some generalized control. The only specific rights reserved by National Starch are: to add instructions, require additional work or serious changes or alterations or direct omissions of parts of the work, authorize additional overtime, and inspect the work with minimum interference.

National Starch had no power to forbid the work as dangerous, as in *Weber*. Its right of inspection was insufficient control; that merely entitled National Starch to see that the work was done according to plan. It could not direct how the work should be done; it owned none of the equipment used by Blaw-Knox; and the only employees on the site were inspectors. It reserved no rights that in any way affected the freedom of Blaw-Knox to do the work in its own way. Hill v. Natural Gas Pipeline Company of America, *supra*.

The grant of summary judgment for National Starch is not erroneous.

Affirmed.

2. The holding in *Nowicki* is not definitive. It can be read as reaffirming the common law duty of a landowner and also as anticipating the Restatement Rule.

3. § 414. Negligence in Exercising Control Retained by Employer—One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

4. Foster contends, without basis in the record, that the district court held that liability of a landowner to an employee of an independent contractor could arise only on a showing of *actual* control. We find nothing in the district court's Order and Summary Judgment to support such a contention. Furthermore, the transcript of March 16, 1973 does not support Foster's contention.