*In re* ESTATE OF ERMA L. BEE, a Minor—(THE DEPARTMENT OF MENTAL HEALTH, Plaintiff-Appellant, *v.* CATHERINE EDINBURN, Guardian of the Person and Estate of Erma L. Bee, Defendant-Appellee.)

Third District    No. 76-72

Opinion filed November 30, 1976.

William J. Scott, Attorney General, of Springfield (Ronald W. Olson, Assistant Attorney General, of counsel), for appellant.

Carl F. Reardon, of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal was taken from the denial of a claim by the Illinois Department of Mental Health against the estate of Erma L. Bee, a minor. Previously, Catherine L. Edinburn had been appointed guardian of four minor children, including Erma, and received a sum of $22,394.50 on behalf of the minor children as a result of a dramshop action. Thereafter, the circuit court allowed the guardian $2,184 for outstanding debts, $2,216 to purchase an automobile and insurance, $3,000 as an additional down payment on her home, and $50 per month per child. The stipend for the care of the children was later increased to $400 per month, on the petition of the guardian. In that petition, the guardian requested an increase from $50 per month to $150 per month to cover expenses resulting from the need of Erma to have extended counseling at Zeller Zone Center in Peoria, Illinois. Subsequently, the Illinois Department of Mental Health filed a claim for $1,037.40 against the estate of Erma L. Bee to cover her

treatment at the Zeller Zone Center for the period of August 13, 1974 to October 11, 1974. This claim was disallowed by the trial judge because payment would exhaust the funds of the minor, making her a ward of the State. We reverse.

■■ The case is controlled by section 12—12 of the Mental Health Code of 1967 (Ill. Rev. Stat. 1973, ch. 91½, par. 12—12), which states in part:

> "Each patient receiving treatment in a mental health program of the Department, and the estate of such patient, is liable for the payment of sums representing charges for treatment of such patient at a rate to be determined by the Department in accordance with this Section. If such patient is unable to pay or if the estate of such patient is insufficient, the responsible relatives are severally liable for the payment of such sums * * *."

Where the estate has funds available, the claim of the Department of Mental Health is to be satisfied out of the principal of the estate, as well as the income. (*Department of Public Welfare v. Foster* (1958), 13 Ill. 2d 55, 147 N.E.2d 319.) However, if the patient, his estate and the responsible relatives can not pay the claim, the liability is not cancelled, and the duty to pay still exists if the ability to pay is later acquired. *In re Estate of Zagoras* (1973), 11 Ill. App. 3d 555, 296 N.E.2d 641.

■■ In the case at bar, the patient's estate had funds sufficient to pay the claim but the trial judge balked because the continual payment of claims of this size would exhaust the estate. However, section 12—12 (Ill. Rev. Stat. 1973, ch. 91½, par. 12—12) provides in part:

> "In case any patient, the estate of any patient, or the responsible relatives of such patient are unable to pay the treatment charges for the patient provided for by this Act, then the cost of treatment of such patient shall be borne by the State * * *."

Where the estate has funds available to pay the claim, those funds must be applied to the claim. If the estate runs out of funds, the State will bear the costs of the patient's treatment.

Accordingly, the judgment of the Circuit Court of Tazewell County is reversed. Because we reach this decision, we need not reach the issue of the guardian's personal liability for the minor's treatment.

Reversed.

STOUDER, P. J., and STENGEL, J., concur.